Commonwealth *v.* Morrisey, Appellant.

Argued March 2, 1942.

Before KELLER, P. J.,
BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY,
JJ.

*A. F. Vosburg,* of *Vosburg & Vosburg,* with him
*Charles M. Bolich* and *Reilly & Pearce,* for appellant.

*Ellis Berger,* Assistant District Attorney, with him *James F. Brady,* District Attorney, and *A. C. F. Kenowski,* for appellee.

OPINION BY STADTFELD, J., July 27, 1942:

This is an appeal from an order of the court below committing the defendant, Jule Morrisey, to jail on the return of a capias.

Originally a proceeding for support was instituted against defendant by her mother and a date was set for hearing. The testimony at the hearing was not transcribed and filed. The statement of facts made by the court below, and which, in the absence of a proper record, we must accept, sets forth that "A hearing was appointed, at which time Mrs. Morrisey agreed that she would resume the custody and support of her mother in part repayment of the money that she had caused her mother to lose. As this would end the case, the hearing was continued for two weeks, during which time she agreed to make proper arrangements for her mother's support.

"Having failed in this, she excused herself for not attending the next hearing because of a break-down in the car. A third hearing was appointed by the probation officer, at which time she failed to appear. A capias was issued and finally served and the sheriff brought her in during a few minutes' recess ......" The court below thereupon committed the defendant to jail upon the following order: "Now, January 16, 1942, Jule Morrisey having refused to comply with her agreement made at the time of the last continuance on November 21, 1941, and to resume the custody and support of her mother, on return of capias she is committed to the County Jail."

From that order an appeal was taken, which appellee has moved to quash on the ground that the order of commitment is interlocutory and not definitive.

It is manifest, however, from a plain reading of the order that the court below intended thereby to commit the appellant for contempt for refusal to comply with her agreement to resume the custody and support of her mother. This order committing for contempt is final and subject to review. See, *Com. v. Heston,* 292 Pa. 63, 140 A. 533.

Considering the merits of the case, we have carefully examined the entire record, such as it is, but nowhere therein does it appear that any order for monetary support had ever been made, nor had any order for support of any kind been made. All that appears of record is the statement in the opinion of the court below that Mrs. Morrisey "agreed" that she would resume the custody and support of her mother. Such an agreement can scarcely be regarded as being, or having the effect of, an order of the court, so that failure to comply therewith would warrant the issuance of a writ to bring before the court the person, so failing to comply, and committing such person for contempt. In the absence of a valid order the subsequent proceedings are without legal basis. Attention should also be called that a capias is not the proper writ to enforce compliance with an order for support, had any been made. An attachment is the proper remedy: See, *Elmer v. Elmer,* 150 Pa. 205.

It may also be added that there is nothing in the record to show under what statutory authority, if any, the original proceedings for support had been instituted. The Act of July 28, 1941, P. L. 572, has repealed several acts relating to the support of relatives theretofore in force. At common law an adult child never was under any duty or obligation to contribute to the support of parents. See, 39 Am. Jur. §70 p. 711.

The order of the court below is reversed.