## Commonwealth v. Chiara

*Charles W. Kugler*, for Commonwealth.

*William S. Morrow* and *Earl Handler*, for defendant.

RICE, P. J., September 16, 1947.—This matter comes before the court for a hearing on the sworn complaint of Frederick E. Smith before a justice of the peace, saying, among other things, that he is the father of Mrs. Olive Smith Chiara and Mrs. Hazel Smith Butt, is without any visible means of income, is 80 years of age, and is unable to earn a living, that his said daughters are financially capable of supporting him and unlawfully, maliciously and wilfully fail to contribute toward his support and maintenance to the fullest extent of their ability, and that he is about to become a public charge, and asking that a warrant issue for the arrest of his said daughters to answer the charge of desertion and nonsupport. A warrant was issued by the justice of the peace, and Mrs. Chiara gave bail, first for her appearance before the justice of the peace and later for her appearance at court, but Mrs. Butt is without the State and was not ar-

rested. At the hearing in court counsel for Mrs. Chiara, before any testimony was taken, made a verbal motion for the dismissal of the proceedings, and the court directed that the motion be put in writing and filed, and continued the case pending the disposition to be made of the motion, which was taken under advisement.

The motion contains three reasons for dismissal of the proceedings, which we will discuss in order.

The first reason is that the record of the proceedings, which we suppose includes the complaint and the transcript of the justice of the peace, fails to disclose under what statutory authority, if any, the proceedings for support have been instituted. Neither the complaint nor the transcript designates in any way the particular act of assembly by virtue of which the proceeding was brought. Counsel for defendant cite Commonwealth v. Morrisey, 150 Pa. Superior Ct. 202, as authority for their point. The Superior Court judge writing the opinion said:

"It may also be added that there is nothing in the record to show under what statutory authority, if any, the original proceedings for support had been instituted."

Counsel followed this language in framing their point. But we do not consider this a ruling that a complaint for nonsupport must set forth the statute on which the proceedings for support are founded; it was merely an incidental observation of a fact in the case, neither necessary nor relevant to the point decided, such as judges often make unwisely and without proper discrimination and such as often lead to unsound decisions. In Commonwealth v. Lewis et al., 10 D. & C. 459, and other cases it has been held that in a case of summary conviction the record must set forth the act of assembly or the ordinance violated, but this applies, at the most, to acts of assembly that are special or local and to ordinances of municipalities

having legislative power. In Commonwealth v. Nichols, 38 Pa. Superior Ct. 504, the refusal of Judge Fanning to sustain an exception to the record of a magistrate in a summary conviction because it did not specify the act of assembly alleged to have been violated was affirmed, and this case has been cited with approval in Commonwealth v. Mecca Coöperative Co., 60 Pa. Superior Ct. 315, and Commonwealth v. Scott-Powell Dairies, 128 Pa. Superior Ct. 598. It is sufficient if a complaint in a summary conviction case describe the act complained of "in such a way as to individuate it and show that it falls within an unlawful class of acts": Commonwealth v. Nesbit, 34 Pa. 398. See also, Commonwealth v. Sutton et al., 42 D. & C. 279. In complaints in prosecutions for indictable offenses punishable by general law, it is not necessary to set forth the statute alleged to have been violated: 1 Sadler's Crim. Procedure in Penna. (2nd ed.) 76. If this is true in a prosecution for a felony, certainly it must be true of a complaint in a desertion or nonsupport case. In a summary conviction the magistrate, who need not be learned in the law and generally isn't, renders judgment, but in a nonsupport case the magistrate does not render judgment. That may or may not be the reason, or one of the reasons, why greater particularity is required of the record in a summary conviction than in a case where the magistrate acts only as a committing magistrate. At any rate, we find no merit in the contention of counsel.

The second reason in support of the motion is that there is no statute in Pennsylvania which authorizes the institution of a support proceeding by an indigent parent against children upon information made before a justice of the peace, as was done in the pending proceeding. A child is under no duty, according to the common law, to support his parents: Commonwealth v. Morrisey, supra; Commonwealth v. Auman, 39 D. & C. 448; Commonwealth v. Clayton, 42 D. & C. 317. Hence,

to support this proceeding it is necessary to find some statute authorizing the issuance of a warrant for the arrest of a child failing to support his indigent parent.

The earliest statute requiring a child to support an indigent parent is section 26 of the Act of March 9, 1771, 1 Sm. L. 344, 8 Pa. Stat. at Large 92. The next in point of time is section 28 of the Act of June 13, 1836, P. L. 539, the text of which is quoted in Wertz v. Blair County, 66 Pa. 18, and Commonwealth ex rel. v. Sachse, 65 Pa. Superior Ct. 536. Both of these acts were expressly repealed by the County Institution District Law of June 24, 1937, P. L. 2017. The Act of March 29, 1803, P. L. 507, 4 Sm. L. 50, 62 PS §1951, making children and grandchildren liable, applied only to the City of Philadelphia and certain adjoining districts. The Act of June 25, 1895, P. L. 269, 62 PS §1955-59, and section 4 of the Act of April 6, 1905, P. L. 112, 62 PS §1952, each making children liable for the support of their parents, were both repealed by the Act of July 28, 1941, P. L. 572. In section 1012 of The General Poor Relief Act of May 14, 1925, P. L. 762, the children and grandchildren of poor persons were made liable for the latter's support, but this act was repealed by the said County Institution District Law. The only statute now in force making children and grandchildren liable is The Support Law of June 24, 1937, P. L. 2045, 62 PS §1971-7. The remedy provided by this act for enforcement of the liability is a petition to the court having jurisdiction, which in counties other than Allegheny and Philadelphia, is the court of quarter sessions of the county where the indigent person resides, as provided in sections 2 and 3, and since that remedy must be pursued, to the exclusion of any other remedy (Act of March 21, 1806, 4 Sm. L. 326, sec. 13), the pending proceeding must be dismissed because it was commenced by complaint and arrest.

The third reason in support of the motion is that defendant, being the natural granddaughter of the

prosecutor in this proceeding and his daughter by adoption only, is not liable for the support of the prosecutor. The complaint of the prosecutor calls defendant his daughter and does not disclose that she is his natural granddaughter and a daughter by adoption, but the transcript of the justice of the peace shows that a hearing was held, at which the prosecutor testified that defendant is his natural granddaughter and a daughter by adoption. Section 3(a) of The Support Law of 1937, P. L. 2045, before its amendment, reads as follows:

"The husband, wife, child, father, mother, grandparent and grandchild of every indigent person shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides, shall order or direct."

We have not been able to find any Pennsylvania case on the question whether an adopted child is or is not, under any statute, liable for the support of his adoptive parent; it seems to be res nova. But we find the answer in section 101 of the Statutory Construction Act of May 28, 1937, P. L. 1019, providing as follows:

"The following words and phrases, when used in any law hereafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section: . . . (21) 'Child' or 'children' includes children by birth or adoption. . . ."

Since The Support Law of 1937 was enacted June 24, 1937, and the Statutory Construction Act was enacted May 28, 1937, the word "child" in section 3(a) of the former must be construed to include a child by adoption, unless the context indicates otherwise. We find nothing in the context contrary to such a construction. Hence, we hold that an adopted child is liable, under The Support Law for the support of an indigent adoptive parent. But this act was amended by the Act of May 23, 1945, P. L. 864, in such a manner as to

eliminate grandparents and grandchildren from the class of persons so liable, and this change in the law relieved defendant as a grandchild of the prosecutor from liability for his support. Aside from this, she would not be liable as a grandchild anyhow, for her adoption by the prosecutor destroyed her legal status as his natural granddaughter and substituted therefor a new status as a child, with all the rights and duties of a natural child.

### Order

And now, September 16, 1947, on motion of counsel for defendant, the proceeding against Mrs. Olive Smith Chiara, defendant, for the support of Frederick E. Smith, the prosecutor, is dismissed, and defendant is discharged.