## Commonwealth v. Horvath

*Mark Gearhart*, for Commonwealth.

*Boyd H. Walker*, for defendant.

KOCH, J., November 23, 1958.—Elizabeth Horvath, the mother of defendant, Arthur Horvath, resides in the State of New Jersey. She instituted a proceeding in that jurisdiction (Warren County) under the provisions of the Uniform Reciprocal Enforcement of Support Act. Her testimony was taken before the Domestic Relations Court of Warren County and a certified copy of the same was attached to the order of that court transmitting the same to this court and on May 1, 1958, we ordered that the cause be docketed and set a hearing for May 22, 1958.

Defendant, through his counsel, forwarded interrogatories to petitioner which were duly answered and filed. When the matter was heard by this court, petitioner appeared and testified. We entered a temporary order of $7.50 per week and indicated that a final disposition would be made after argument on the issue raised by defendant.

Defendant maintained that he is not required to contribute to the support of petitioner for the reason that she is not "indigent" within the meaning of the Act of May 23, 1945, P. L. 864, sec. 1, 62 PS §1973, which provides as follows:

"The husband, wife, child (except as hereinafter provided), father and mother of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such *indigent* person. . . ." (Italics supplied.)

It appears that petitioner is the owner of a 65-acre farm with improvements situate in Warren County, N. J., which was purchased in 1938 for $2,500. She is also the owner of a frame home purchased in the same year for $1,900. Both tracts are unencumbered. A son, Lester Horvath, resides in a house on the farm and pays $40 per month rental and, in addition thereto, furnishes some food and coal to petitioner and makes certain insurance payments. She also receives $230 per year rent from the balance of the farm.

The testimony also reveals that petitioner has a savings account with a balance of $900 which has not been disturbed since January 1, 1958, and is a joint owner, with Lester, of another account over which she apparently exercises control since she has possession of the pass book.

The facts before us do not indicate the present value of the real estate but we are of the opinion that the

purchase prices in 1938 cannot possibly reflect their present worth. Moreover, it appears to us that the monthly rental of $40 per month for the house is considerably less than what might be expected from this six-room dwelling.

The ownership of real estate which might be sold, the existence of at least one bank account, combined with some doubt as to the credibility of petitioner, persuade us that she is not presently entitled to an order of support in this jurisdiction. We have no hesitancy in stating that there is a strong moral obligation to make some contribution to petitioner especially in view of the admitted help which Lester is supplying, but unfortunately we are bound by what we deem to be the settled law of this Commonwealth. Defendant's ill will towards his mother based upon his concept of her testamentary plans to favor Lester does not alter this moral obligation nor our view of the applicable legal principles.

At common law there was no duty on the part of a child to support his parents: Commonwealth v. Morrisey, 150 Pa. Superior Ct. 202; 39 Am. Jur. 711, Parent and Child, §70. Accordingly, we must look to the statute referred to above. This provision was interpreted in Commonwealth ex rel. Home for the Jewish Aged v. Kotzker, 179 Pa. Superior Ct. 521, where the court held that indigency presupposes an inability to pay for care and maintenance on the part of the parent.

While it is not necessary that the indigent be a public charge to qualify for support, as decided in Commonwealth ex rel. Price v. Campbell, 180 Pa. Superior Ct. 518, we are of the opinion that this petition is premature and that the right to support at this time has not been clearly established. Since she may become qualified in the foreseeable future, we will not dismiss her petition but will allow a rehearing at such time as

she becomes qualified to receive support from defendant.

*Order*

And now, November 25, 1958, the order of support entered on October 30, 1958, is vacated and the petition held under advisement until such time as petitioner qualifies for support in accordance with this opinion.