## Stewart v. City of Farrell

*Carl M. Moses,* for plaintiffs.

*Anthony Perfilio, Peter J. Taylor,* for City of Farrell.

*Stephen J. Mirizio, Peter J. Taylor,* for Farrell Redevelopment Authority.

*Cyril T. Garvey,* for Maybrook Construction.

*William J. Madden,* for Mercer County Housing Authority.

ACKER, *J.,* January 6, 1983—This action has been filed in equity. It asserts a request for a mandatory injunction to abate a nuisance and for damages allegedly resulting from the nuisance. Preliminary objections have been filed on behalf of the City of Farrell, the Farrell Redevelopment Authority, and Maybrook Construction Company claiming either a lack of capacity to sue or requesting a demurrer on both as to the cause of action of Robert Stewart. Subsequently, the city of Farrell and the Farrell Redevelopment Authority's additional counsel, without Court approval, filed additional preliminary objections raising a claimed lack of jurisdiction based

on a failure to give notice as is required by the Act of October 5, 1980, P.L. 693, 42 Pa.C.S.A. §5522. To this, a preliminary objection has been filed by plaintiff claiming that the first preliminary objection was filed on March 22 while the second was filed on June 4th. Such filing failed to comply with Pa.R.C.P. 1026 that the objections be filed within 20 days and the requirement that preliminary objections cannot be filed serially. To this preliminary objection, the City of Farrell and the Redevelopment Authority filed an answer claiming in Paragraph 8 that " . . . . the entry of additional defense counsel necessitated further review of plaintiff's complaint and additional preliminary objections."

Finally, the City of Farrell and the Farrell Redevelopment Authority joined the Mercer County Housing Authority as an additional defendant. That organization filed a preliminary objection requesting a more specific pleading, a motion to strike, a demurrer claiming lack of proper notice and a failure of Robert Stewart to set forth a cause of action.

The complaint alleges that Della Stewart is the owner of 817 Hamilton Avenue which contains a house and lot, and that Robert is her son but lives at a different address. Further, that in March of 1980, Maybrook Construction Company was building a housing complex on the opposite side of Hamilton Street in Farrell when it drove a cement piling or "by some other means obstructed or fractured, a sewer line of the city." It is claimed that by reason of this a swampy pool of water formed on the property immediately adjacent to Della Stewart's house causing mosquitos and other forms of insect and bacteria life to infest her home. It is also asserted that the pool has become a receptacle for stagnant water, refuse and sewage and is an eyesore and a blight. From this, it is claimed, the market value of

her property has diminished and the pool has precipitated the removal of lateral support and other deterioration of Della Stewart's property including the foundation and general structure of the house, back porch, yard surrounding the house and personal property therein. It is claimed that she was required to remove herself from the home in January of 1982 and has been deprived, therefore, of the use of her home.

Robert Stewart claims damages as the son of an indigent mother, for payment of deposit and rent on the home that his mother was required to move to, transfer of cable TV, rental of a truck, securing of sprays, storage of personal property, and that Robert Stewart has incurred and will continue to incur extreme pain, inconvenience, annoyance, and physical and mental discomfort.

Preliminary Objection of Della and Robert Stewart To Preliminary Objection of the City of Farrell and Farrell Redevelopment Authority

The complaint was filed on January 28, 1982. Service was made on January 29, 1982. On March 22, 1982, Arthur J. Murphy, Jr. entered an appearance for the City of Farrell and Farrell Redevelopment Authority. On that same date he filed a preliminary objection to the complaint challenging the lack of capacity to sue. He also filed a writ to join the Mercer County Housing Authority as an additional defendant. On April 19, 1982, attorney Stephen J. Mirizio entered an appearance on behalf of Farrell Redevelopment Authority. On April 29, 1982, Attorney Anthony Perfilio entered an appearance on behalf of the City of Farrell. On May 3, 1982, Stephen J. Mirizio for the Redevelopment Authority filed a preliminary objection claiming that plaintiff's com-

plaint did not state a legal cause of action against the Redevelopment Authority. On June 14, 1982, the City of Farrell and Redevelopment Authority filed a preliminary objection against plaintiff's complaint raising the question of jurisdiction and a demurrer claiming a failure to give proper notice as required by the statute at 42 Pa.C.S.A. §5522(a).[1] Pa.R.C.P. 1026 requires that every pleading subsequent to the complaint shall be filed within twenty days after the preceding pleading. Pa.R.C.P. 1028 requires that preliminary objections shall state specifically the grounds relied upon and shall be raised at one time. Three attorneys representing two defendants filing preliminary objections in serial form is contrary to the language and intent of Pa.R.C.P. 1028(b). In that objection has been raised, the court will consider only the first set of preliminary objections dealing with the lack of capacity to sue. The preliminary objection to the preliminary objection is granted.

Preliminary Objections As To
the Lack of Capacity To Sue.

The six months' limitation requires that within that period any person, who is about to commence any civil action or civil proceeding, within this Commonwealth, or elsewhere, against a governmental unit, for damages on account of any injury to his person or property, shall file with the governmental unit and in the office of the attorney general, a statement in writing, setting forth his name and address, the person to whom the cause of action is accrued, the name and address of the person

---

1. Act of October 5, 1980, P.L. 693, 42 Pa.C.S.A. §5522.

injured, the date and hour of the accident, the approximate location where the accident occurred and the name and residence or official address of any attending physician.[2]

Cases decided under the predecessor statute, which we hold are equally applicable to the instant statute, declare that the failure to notify a municipality pursuant to the then applicable act, must be raised as an affirmative defense in an answer: Yurechko v. Allegheny County, 430 Pa. 325, 243 A. 2d 372 (1968); Zack v. Saxonburg Borough, 386 Pa. 463, 126 A. 2d 753 (1956); and Derabasse v. Bedford Borough, 18 D. & C. 3d 206 at 222 (1981).

Wherefore, we hold that the preliminary objection arising from the failure to give six months' notice is premature and therefore denied.

### Lack of Capacity To Sue as To Robert Stewart

Pa.R.C.P. 1509, pertaining to actions in equity, states that preliminary objections specifically authorized by Pa.R.C.P. 1017(b), are available to any party. By Pa.R.C.P. 1017(b), a preliminary objection may be in the nature of a petition raising the defense of lack of capacity to sue. It may also be in the nature of a demurrer. There is no allegation that Robert Stewart has any property interest in the real

---

2. A former statute, the Act of July 9, 1976, P.L. 586 §2, was formerly Section 5522, also dealt with notice requirements that were very similar. By the commentary in Purdon's Pennsylvania Consolidated Statutes, Annotated 2, Section 5522, at page 21, it is noted that it was the intent of paragraph (1) of this subsection to restore 42 Pa.C.S.A. §5522 relating to the six months' limitation to its status prior to the repeal by the "Political Subdivision Tort Claims Act." [53 P.S. 5311.802(b) (repealed), except as otherwise expressly provided by such section as reenacted and amended hereby.

or personal property, subject to this action, belonging to his mother, Della Stewart. Rather, it, as asserted in his brief, arises from his claim that he is obligated to care for his mother as an indigent person. Defendant cites as authority the Act of July 26, 1963, P.L. 318, 62 P.S. § 1973.[3]

Section 1973 provides that a child of every indigent person, whether or not a public charge, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent persons at such rate as the court of the county where such indigent person resides shall order or direct. The matter may be brought before the court either through a peition of the indigent person or any person or public body or public agency having any interest in the care or maintenance or assistance of such indigent persons. [§ 1973(b)]. At common law, an adult child had no duty or obligation to contribute to the support of his parents: Albert Einstein Medical Center v. Forman, 212 Pa. Super. 450, 243 A. 2d 181 (1968); Com. v. Morrisey, 150 Pa. Super. 202, 27 A. 2d 446 (1942). In Einstein Medical Center, at page 455, the court holds that even though the act envisions a support order of prospective applicability, nevertheless, an affirmative duty is placed upon various relatives of an indigent parent. It concludes, at page 455,

"Thus, an assumpsit action based on that duty has been held to be valid action for reimbursement from a child for expenditures of a third party on behalf of an indigent person. Stoner Estate, 358 Pa. 252, 56 A. 2d 250 (1948)."

3. Section 10 of the Act of July 15, 1976, P.L. 993, No. 202, repealed Section 10 of the Act insofar as it is inconsistent therewith. The Act of 1976 is an Act to consolidate and codify the public welfare laws of the Commonwealth and does not affect the application of this Act as to this cause of action.

In that there is no allegation of a contract obligation or agreement between parent and child, the motion to strike the complaint of Robert Stewart will be granted with the right to plaintiff to attempt to assert a valid cause of action within 20 days by amendment.

## Preliminary Objections To Complaint
## To Join Mercer County Housing Authority
## As An Additional Defendant

A. Must Defendant Allege Specifically Acts of Negligence?

Mercer County Housing Authority, additional defendant, contends that Paragraph 8h of the complaint joining additional defendant is too indefinite. It alleges the negligence of the additional defendant is " . . . . (h) and otherwise being negligent and careless under the circumstances." We deem this to be too indefinite for it is a mere catchall as to any act of negligence the City of Farrell or Farrell Redevelopment Authority might think of at the time of trial.

B. Has Plaintiff, Robert Stewart, Stated A Cause of Action?

This contention was previously answered as to the objections by defendants. The preliminary objection is sustained.

C. May Defendants Join the Mercer County Housing Authority On An Allegation of Sole Liability for Plaintiffs or on the Basis of Contribution and Indemnification?

This contention is likewise based on the six months' notice statute 42 Pa.C.S.A. §5522. The previous ruling of the court is equally applicable. The defense should be raised through an answer.

Hence, this order

## ORDER

And now, January 6, 1983, it is hereby ordered and decreed that the preliminary objections of Maybrook Construction Company to the cause of action of Robert Stewart that it be stricken is granted.

It is further ordered and decreed that Robert Stewart may file an amended action if desired within 20 days to set forth a contractual relationship, if it exists between his mother and himself concerning the damages he is claiming.

It is further ordered and decreed that the preliminary objection filed by Arthur J. Murphy, Jr. on behalf of the City of Farrell and the Farrell Redevelopment Authority on March 22, 1982, based on a lack of capacity of Robert Stewart to sue is sustained with the right to amend by plaintiff as set forth above. The second preliminary objection by the Farrell Redevelopment Authority is stricken in that it is multiplicity of actions in violation of Pa.R.C.P. 1028(b). The preliminary objection of June 14, 1982, of the City of Farrell and the Farrell Redevelopment Authority is denied as being a serial preliminary objection.

The preliminary objection to the preliminary objection of the City of Farrell and the Farrell Redevelopment Authority is granted as being a serial preliminary objection contrary to the direction of Pa.R.C.P. 1028(b).

The preliminary objection of the Mercer County Housing Authority to its joinder as to Paragraph 8(h) is granted and the said subparagraph is hereby stricken. The demurrer for alleged violation of the Political Subdivision Tort Claim Act is denied in that the matter must be raised through an answer.

The City of Farrell and Farrell Redevelopment

Authority and Maybrook Construction Company are hereby granted 20 days to file further pleadings to plaintiff's complaint. The Mercer County Housing Authority as additional defendant, is granted 20 days to file additional pleadings to the complaint to join it as an additional defendant.