Commonwealth ex rel. Singer *v.* Singer, Appellant.

Argued March 9, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-

224

RIGE, STADTFELD, PARKER and JAMES, JJ.

*George E. Peterson,* with him *Norman R. Dutton,* for appellant.

*I. Sydney Bass,* with him *Hazel H. Brown,* Assistant District Attorney, and *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY JAMES, J., July 15, 1937:

On February 14, 1933, Mollie Singer filed a petition for support in the Municipal Court of Philadelphia for herself and minor child. On April 7, 1933, after hearing, an order was made by Judge ROSEN directing the husband to pay the sum of $10 per week for the support of the child, no allowance being made for the wife. On June 8, 1934, on petition of the husband and wife, the order of support for the child was reduced to $5 per week, as of May 19, 1934. On November 18, 1936 the wife, who was divorced in February, 1935, presented a petition in which she set forth that by reason of certain false and fraudulent representations, she was induced to sign the agreement to have the order of April 7, 1933 reduced from $10 to $5 per week; and a rule was granted to show cause "why the order of reduction, entered May 19, 1934, for the support of his

minor child should not be set aside, as of said date, on the ground of gross, false and fraudulent misrepresentations of the said defendant, Jack Singer; and why the said order for support of the said minor child should not be increased to the weekly sum of thirty ($30.00) dollars." On January 4, 1937, after hearing, the court entered an order of support directing the husband to pay the sum of $30 per week for the support of the child, then aged four, as of May 19, 1934. From this order, the husband has appealed.

Appellant agrees that under the testimony the court should have reinstated the order of $10 per week, as of May 19, 1934, but should have restricted its retroactive effect to the amount of the original order. Originally this was the position taken by counsel for the relatrix, as at the hearing, held on December 2, 1936, counsel for the petitioner stated: "My petition is to set the $5 a week order aside and make it $10 from that day to this, and then to have an increase of the order due to certain misrepresentations by the defendant to this lady in which she was deceived as to his financial ability to pay, and consequently was induced to voluntarily come into this court and reduce the $10 order to $5 in May of 1934." In the petition of November 18, 1936, the relief sought was the revocation of the order of reduction and not of the original order of $10 per week. No question was raised by the wife that the original order of support was not at that time sufficient to support the child.

At the hearing held on the petition, filed November 18, 1936, it was admitted by the husband that beginning on February 8, 1933 and ending in August, 1935, he turned over to his nephew, Joseph H. Smith, moneys on deposit in various banks and various securities of the total value of more than $40,000. In the spring of 1934, while temporarily without employment, and without disclosing to his wife that he was possessed of these large sums, he induced her to agree to reduce the order

of support to $5 per week. Not until September, 1936, when a bill in equity was filed by the husband against Joseph H. Smith, to account for the moneys and securities turned over to him, did the wife discover what the husband's true financial condition was. We are in entire accord with the lower court's condemnation of the fraud and false representations made by the husband to induce his wife to reduce the order of support; but our examination of the record fails to disclose that at the hearing, upon which the original order was made, any fraud or deception was practiced upon the court as to the financial status of the husband. At this hearing, the wife's testimony related to some of the bank deposits of her husband, but the examination of the husband was confined almost entirely to his then earning capacity, and the order of $10 per week, solely for the support of the child, was made in an effort to have the husband and wife become reconciled and live in a home apart from their respective families. It was ineffective, however, as the wife later obtained a divorce. On the petition of November 18, the questions to be determined were: first, whether the order to reduce should be set aside; and, second, whether the status of the parties justified an increase of the order. In holding that the order of reduction had been obtained by fraud and false representations, the court's power was restricted to restoring the original order, and it was not authorized to change the original order by increasing it as of May 19, 1934; its power to increase was restricted to the date when the final order was made, to wit, January 4, 1937.

This court has held that an order of support cannot be made retroactive: *Com. v. MacMaster,* 88 Pa. Superior Ct. 37; *Com. ex rel. v. Herman,* 97 Pa. Superior Ct. 453; *Com. v. Ehrhart,* 118 Pa. Superior Ct. 293, 179 A. 868. However, if the court orders the defendant to pay an unreasonable or exorbitant amount, the judgment of this court reversing it relates back to the date

of the entry of the order, and if the court entered an inadequate order or improperly refused to make an order at all, on being reversed by this court, the order for a fair, adequate and reasonable amount for the support of the wife or children should likewise relate back to the date the decree, though erroneous, was made: *Com. ex rel. v. Herman,* supra.

In determining what was a reasonable order for the support and maintenance of the child, having in view the property, income, earning capacity of the respondent and condition in life of the family *(Com. ex rel. v. Fort,* 124 Pa. Superior Ct. 151, 188 A. 416), we are unable to find sufficient testimony upon which the amount could be based. The wife's testimony on this phase of the case relates solely to her inability to maintain the child on $5; that when employed, she was required to place the child in a day nursery; that the child had been suffering from a skin disease, and that his tonsils had been removed. The record is barren of any specific testimony as to the cost of maintenance. In determining such an order, we should have some information as to the condition, needs and necessities of the child and what is a reasonable cost of maintenance, having in mind the principles we have above stated: *Com. v. Reckefus,* 92 Pa. Superior Ct. 117, 121.

The order of the lower court is so modified and amended that the husband shall be directed to pay the sum of $10 per week as of May 19, 1934 and upon further hearing, to determine what shall be a reasonable order, the same shall be effective as of January 4, 1937.