## Engel et al., Executors, v. Gast

Before Valentine, P. J., Aponick, Flannery, Lewis and Pinola, JJ.

*Henry Thalenfeld*, for plaintiffs.

*Arthur Silverblatt*, for defendant.

LEWIS, J., March 19, 1954.—This matter comes before the court on defendant's preliminary objections in the nature of a demurrer to plaintiffs' complaint in assumpsit.

Plaintiffs filed a complaint as executors of the estate of Regina Engel, deceased, who was the grandmother of Seymour Gast, deceased, against defendant, Abram Gast, father of Seymour Gast, deceased, alleging that the latter, during his lifetime, was indigent, unable to care for, maintain, or support himself, and that this condition was well known to defendant. They further allege that defendant deserted his family, including Seymour Gast, and that by reason thereof plaintiffs became obligated for and did pay certain bills for the necessary medical care and attention of Seymour Gast during his last illness, aggregating $714.64. They further allege that defendant is and was at the time said bills were incurred of sufficient ability to pay the same.

The first paragraph of defendant's preliminary objections alleges that the complaint does not aver that Seymour Gast was a minor at the time that bills for his necessary medical care and attention were incurred. Plaintiffs' counsel in his brief concedes that Seymour Gast had attained his majority when the bills which gave rise to this action were incurred. If, therefore, this fact were fatal to plaintiffs' cause of action, we would be compelled to go no further. However, we are satisfied that the fact that an indigent child has reached his majority does not cancel out his parents' duty to support him. Commonwealth ex rel. Groff v. Groff, 173 Pa. Superior Ct. 535; Commonwealth ex rel. O'Malley v. O'Malley, 105 Pa. Superior Ct. 232.

Two further legal questions would therefore appear to be raised in this matter:

(a) Is a financially able father liable for the support, maintenance and necessities of an adult son who was unable to provide for himself?

(b) If he fails so to provide, is he liable to the party who steps in and pays for the necessities?

The gist of paragraphs 2 and 3 of defendant's preliminary objections is that the complaint fails to set forth any facts which would impose upon defendant an obligation to reimburse plaintiffs, and that said complaint fails to aver any contract between plaintiffs and defendant for reimbursement of the amounts paid by plaintiffs.

It may be conceded that defendant entered into no contract with plaintiffs for reimbursement of the amounts expended, and if there is no duty imposed by law, under the facts alleged the complaint must fall. However, we believe that such a duty became firmly imbedded in our law by the 1945 amendment to the Support Law of June 24, 1937, P. L. 2045, May 23, 1945, P. L. 864, sec. 1, 62 PS §1973, which reads:

"The husband, wife, child, father and mother of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides shall order or direct."

Defendant argues that the Support Law of 1937, in creating a duty by certain relatives to support indigent persons, is applicable only to such indigent persons who have actually become public charges, citing Montgomery v. Wick, 146 Pa. Superior Ct. 219. It may be agreed that that was the law under the 1937 statute prior to its amendment in 1945. However, an examination of the amended statute will readily disclose that Montgomery v. Wick, supra, has been superseded by the addition of the words "whether a public charge or not". It therefore seems clear to us that defendant in the instant action was under a duty to support Seymour Gast.

Having reached that conclusion, the remaining focal point of our considerations must be—Is defendant liable to the party, plaintiffs in this case, who paid the medical bills upon which the action is based? It would appear that there can be no question that the moneys were expended for necessaries and defendant does not contend otherwise. However, defendant does argue that plaintiffs are mere volunteers and, citing §113 of the A. L. I. Restatement of the Law of Restitution, avers that the complaint fails to set forth facts which would indicate a lack of "officiousness" or which would indicate that plaintiffs did intend to charge the defendant at the time they paid for the services. Section 113 states:

"A person who has performed the non-contractual duty of another by supplying a third person with necessaries which in violation of such duty the other had failed to supply, although acting without the other's

knowledge or consent, is entitled to restitution therefor from the other if he acted unofficiously and with intent to charge therefor."

It may be true, as contended by defendant, that plaintiffs' complaint does not, in so many words, set out facts indicating a lack of officiousness, but it is equally true that officiousness on plaintiffs' part is not apparent from a reading of the complaint. Only the latter can be taken advantage of by way of demurrer. So, too, although plaintiffs fail specifically to aver an intent to charge defendant at the time they paid for the services, neither did they allege that their expenditures were meant as a gift.

As is stated in A. L. I. Restatement of the Law of Restitution, §113, comment (a):

". . . the necessity of protecting the interests of persons entitled by law to have things or services supplied to them by another ordinarily prevents the intervention even of a stranger from being officious."

Section 113, comment (e) under the same section, states:

"A person who intends to make no charge for the things or services supplied is not entitled to restitution. However, in the absence of circumstances indicating intent to make a gift, it is inferred that a person supplying goods or rendering services intends to charge therefor."

It is true that plaintiffs did not supply goods, nor in the true sense of the word, render services. Rather, they obligated themselves to pay for services rendered, which were the legal obligation of defendant. We are satisfied that, by reason thereof, the law recognizes a subrogation in their favor.

Paragraph 4 of defendant's preliminary objections requests the court to enter judgment in favor of defendant and against the plaintiffs. In view of our

rulings on defendant's other objections, it is apparent that the request of paragraph 4 cannot be granted.

The preliminary objections in the nature of a demurrer are without merit.

Now, therefore, defendant's preliminary objections are overruled and defendant is directed to answer within 20 days.