## Commonwealth ex rel. Price *v.* Campbell, Appellant.

Argued October 6, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Louis Sherman,* for appellant.

*Philip Werner,* for appellee.

OPINION BY HIRT, J., January 17, 1956:

This action originated in a petition by a mother for an order on her son for her support under the Act of June 24, 1937, P.L. 2045, as amended, 62 PS §1973. The lower court after hearing ordered the defendant to pay $20 per week to the relatrix for her support. Generally, in nonsupport proceedings where there is liability, but two questions are involved, the need on

the one hand and, on the other, the ability to pay. And disposition of such proceedings are largely within the discretion of the court below and we do not interfere unless an abuse of discretion appears. *Com. ex rel. Barnes v. Barnes*, 151 Pa. Superior Ct. 202, 206, 30 A. 2d 437. We are unable to agree with the appellant, here, that the court abused its discretion. The order will be affirmed.

The mother is 67 years of age and lives with her sister in Washington, D. C. She had $80 in a bank at the date of hearing but had no other property of any kind. She divorced her husband many years ago. Because of an arthritic condition and "a relaxation of the sacroiliac joints" she is incapable of earning anything. She has only one other child, a daughter, living in Maryland who, without earnings of her own, voluntarily has been contributing about $10 per week toward the support of her mother. The mother is indigent and under the amending Act of May 23, 1945, P.L. 865, it is not necessary that she be a public charge to qualify for relief. The defendant is the only person other than the daughter to whom she may look for support. He is 50 years old. He owns a business described as a general store from which he admitted earnings of "approximately" $15,000 per year. However, according to his own testimony his net income for 1954 amounted to $17,455.40. His wife works with him. He testified that his seriously impaired hearing is growing progressively worse and that his wife is continually under a doctor's care. They have one son who is enrolled in Temple University and one daughter who is attending a high school. Defendant's itemized list of expenses amounted in all to precisely the amount of his 1954 net income. In deciding whether he was of "sufficient financial ability" to contribute to the support of his mother it was

for the lower court to determine the weight to be credited to his testimony. The court questioned an alleged expenditure of $5,081.92 for food for the year which no doubt raised a question in the mind of the hearing judge as to the integrity of defendant's claimed expenses as a whole. The judge in passing upon defendant's ability to pay was not bound to accept his statements as true; it was for the judge to make his own deductions from the evidence in the light of the attending circumstances. *Com. ex rel. Barnes v. Barnes*, 140 Pa. Superior Ct. 397, 400, 14 A. 2d 164; *Com. ex rel. Elgart v. Elgart*, 137 Pa. Superior Ct. 418, 420, 9 A. 2d 202. Moreover the fact that relatrix's daughter possibly should have paid more toward her mother's support is of no moment. An unenforcible obligation of another child cannot be considered as an available source of income. *Tanner v. U.S. Steel Corp.*, 176 Pa. Superior Ct. 420, 107 A. 2d 692; *Uber v. Bobo & Bango Coal Co. et al.*, 157 Pa. Superior Ct. 412, 43 A. 2d 385. The mother requested that her son be compelled to pay her $40 per week as necessary for her support; as to the order of but $20 per week he has no just complaint.

There is error however in the order of July 25, 1955 making it retroactive to July 11, 1955. Cf. *Com. v. Ehrhart*, 118 Pa. Superior Ct. 293, 179 A. 868; *Com. ex rel. Singer v. Singer*, 128 Pa. Superior Ct. 223, 193 A. 320; *Commonwealth ex rel. Yeats v. Yeats*, 168 Pa. Superior Ct. 550, 554, 79 A. 2d 793. The principle of the above cited cases dealing with support orders under §733 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4733 and the Statute from which it was derived, cf. *Commonwealth v. Shavinsky*, 180 Pa. Superior Ct. 522, 119 A. 2d 819, is applicable here. A support order under the amended 1937 Act, supra, operates prospectively only from the date of its entry.

The effective date of the order is amended to July 25, 1955, and as so modified the order is affirmed.