## Commonwealth *v.* Shavinsky, Appellant.

Argued November 18, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*David S. Palkovitz,* with him *Robert Palkovitz* and *Jack Palkovitz,* for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., January 17, 1956:

This is an appeal from the refusal of the Court of Quarter Sessions of Allegheny County to grant the defendant's motions in arrest of judgment and for a new trial after his conviction by a jury and sentence on a charge of failure to support three children born out of lawful wedlock in violation of Section 732 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4732.

After a prior conviction on the same indictment the lower court granted a motion of the defendant for a new trial on the ground that the prosecutrix was permitted to present incompetent testimony as to nonaccess by her husband, but refused his motion in arrest of judgment. Upon appeal to this court by the defendant we affirmed the refusal of the court below to grant the motion in arrest of judgment (174 Pa. Superior Ct. 273, 101 A. 2d 178 (1953)).

After conviction at the second trial the defendant was sentenced to pay the sum of $5 per week for each of the three children.

Counsel for the appellant has argued exhaustively that the children were not "born out of lawful wedlock" because at the time of their birth their mother was married. That was the sole question presented to us in the first appeal and was decided against the defendant. The Supreme Court refused an allocatur and refused appellant's petition to reconsider its refusal to grant the allocatur; 175 Pa. Superior Ct. xxvi. We see no reason to discuss the point further.

The appellant also contends that the trial court erred in refusing defense counsel the right to argue to the jury the consequences of the bastardization of children and to describe its legal effect upon the children involved. As to this the lower court said in its opinion: "We can conceive of no proper purpose in such an explanation which would be relevant in the determination of this case. The court carefully explained that a verdict of guilty would bastardize these children; a further discourse regarding the consequences of bastardization would be of no aid in resolving the issues of fact here presented, and is clearly without the scope of proper argument."

The propriety and extent of counsel's arguments to the jury are to be determined by the trial court and his rulings thereon are reviewable for abuse of discretion only. *Clark v. Essex Wire Corp.*, 361 Pa. 60, 65, 63 A. 2d 35 (1949); *Menarde v. Philadelphia Transportation Co.*, 376 Pa. 497, 509, 103 A. 2d 681 (1954). We find no evidence in the record of any abuse of discretion.

The appellant also contends that the evidence was insufficient to rebut certain presumptions. From what

we can gather from the meager record and the arguments, it appears that there was sufficient evidence to go to the jury. It having found the defendant guilty, the presumptions of legitimacy of the children, the parental name on the birth certificate[1] and the innocence of the defendant are overcome.

The appellant also complains that the charge did not properly set forth the issue to be decided by the jury. We have read the charge and find that it clearly set forth the issues. Furthermore, as pointed out in the opinion of the court below, "the trial judge affirmed all of defendant's points for instructions, thus giving him ample opportunity to have the jury instructed on all points of law which he felt were applicable."

The court sentenced the defendant on February 28, 1955, making the order retroactive to December 18, 1952, the date the information was brought. The appellant contends that the court had no authority to enter an order for support which would be retroactive. He cites for this proposition *Commonwealth ex rel. Voltz v. Voltz,* 168 Pa. Superior Ct. 51, 54, 76 A. 2d 464 (1950); and *Commonwealth ex rel. Yeats v. Yeats,* 168 Pa. Superior Ct. 550, 554, 79 A. 2d 793 (1951). These two cases involved actions brought under Section 733 of The Penal Code of 1939, supra, which provides through summary proceedings for support orders against husbands and against fathers of legitimate children. It has long been settled that under that section, and the Act of April 13, 1867, P. L. 78, from which it was derived, the order of the court cannot be made retroactive but must operate only from the date of the order. *Commonwealth v. McMaster,* 88 Pa. Superior Ct. 37 (1926); *Commonwealth v. Ehrhart,* 118 Pa. Su-

---

[1] The birth certificates of the three children names the husband of the mother, and not the defendant, as the father.

perior Ct. 293, 179 A. 868 (1935); *Commonwealth ex rel. Singer v. Singer,* 128 Pa. Superior Ct. 223, 193 A. 320 (1937); *Commonwealth v. Elliott,* 157 Pa. Superior Ct. 619, 43 A. 2d 630 (1945).

This is a different rule than is applied in prosecutions for bastardy brought under Section 506 of The Penal Code, supra, 18 PS §4506 and the statutes from which that section was derived. The Supreme Court held as early as 1800 that the court could order the payment to one advancing money for lying-in expenses and support of a bastard child *prior* to the date of order. See *Sheffer v. Rempublican,* 3 Yeates 38.

The reason that a different rule on retroactive orders developed under Section 733 than existed in bastardy prosecutions can be found in *Keller v. Commonwealth,* 71 Pa. 413, 417 (1872), the case first interpreting the act of 1867, supra, from which Section 733 was derived. The action brought in that case was not only for future support but also for $250 for the support and maintenance of the children from November 1, 1869 to September 23, 1871. This included a period prior to the filing of the action as the complaint was not made until March 2, 1871.

The Supreme Court set aside the order of $250 allowed by the lower court but affirmed the entry of an order for support subsequent to the date when the order was imposed. In doing so it said: "It is clear, from all the provisions of the act, that it was not intended to provide a remedy for the recovery of the expense previously incurred in the support of minor children whose father had deserted or neglected to maintain them, but to provide a mode of compelling him to pay a reasonable sum for their future support and maintenance. So far, then, as the complainant has any claim for the past support and maintenance of the defendant's chil-

dren, his remedy is by an action at common law in which *the defendant will be entitled to have the question and extent of his liability determined by a jury, and he cannot be deprived of this right under the summary proceedings authorized by the statute.* So much of the decree, therefore, as orders the payment of a specific sum for the previous support and maintenance of the children, is clearly erroneous and must be set aside." (Emphasis supplied)

Thus, the Supreme Court reasoned that since the defendant had the right of a trial by jury in a common law action for past support, it should not be denied him by making an order for this in a summary proceedings.

Under Section 733, supra, the defendant is not given a trial by jury and the proceedings are similar to those dealt with in the *Keller* case. Thus, as we have pointed out above, the appellate courts have continually refused to permit an order brought under the above section to have retroactive effect.

The instant case, however, is brought under Section 732. Here the defendant is permitted a trial by jury and the reason given by the Supreme Court for prohibiting a retroactive order is not applicable.

Under Section 732, supra, the court in the instant case "may make an order . . . directing the defendant to pay a certain sum periodically, for such time and to such person as the court may direct."

The fact that the legislature states the payment shall be made "for such time"[2] without referring to "future time" is some indication, although admittedly not conclusive, that the legislature did not intend to limit orders made under this section to future support.

---

[2] This phrase is not used in the other acts providing for support orders.

The inequities involved in holding that the order may be effective only from the date when made is demonstrated in the instant case. Although the action was brought on December 18, 1952 the order was not entered until February 28, 1955. Prior to December 1952, the defendant had been supporting these children as his own. Under the law he was under an obligation to continue to support these children. He should not be able to avoid that responsibility for over two years solely because of legal delays largely the result of his own action. Such an interpretation of the statute would be so unreasonable that the legislature is presumed not to have intended it. Statutory Construction Act of May 28, 1937, P. L. 1019, §52, 46 PS §552.

Although we have found no case brought under Section 732, supra, or the Act of July 11, 1917, P. L. 773 from which it was derived, in which the question of a retroactive order was discussed, there nevertheless has been at least one case where this court affirmed an order which was retroactive. *Commonwealth v. Wibner*, 73 Pa. Superior Ct. 349 (1920), 85 Pa. Superior Ct. 270 (1925), and another in which it gave some indication that an order could require support from the date of the prosecution. See *Commonwealth v. Patterson*, 106 Pa. Superior Ct. 433, 436, 162 A. 477 (1932), in which this court said: "If upon a retrial, the defendant should be found guilty, the sentence should not include lying in expenses or maintenance prior to the prosecution, as such are not included in the provisions of the act."

While not relevant to the determination of this case, we wish to point out that Section 8 of the Uniform Reciprocal Support Act of 1951, P. L. 279, as amended by the Act of 1953, P. L. 1201, 62 PS §2043.8 provides that a reimbursement of expenditures made for sup-

port may be ordered at least when the expenditures are made by the State, and the Civil Procedural Support Law of July 13, 1953, P. L. 431, §7, 62 PS §2043.37 provides that an order of support may be made effective from the date of the filing of the complaint. In the latter statute the legislature changed, or attempted to change, the rule of *Keller v. Commonwealth,* supra, as it would relate to summary proceedings. brought under the Civil Procedural Support Law.

Although as pointed out above, we have consistently held that an order made under Section 733 of The Penal Code, supra, cannot be retroactive and are holding the same in an action brought under the Act of June 24, 1937, P. L. 2045 as amended, 62 PS §1973 (also providing for a summary procedure),[3] nevertheless in actions brought under Section 732 and Section 506 of The Penal Code, supra, the order may be retroactive.

Order affirmed.

---

[3] See *Commonwealth ex rel. Price v. Campbell*, 180 Pa. Superior Ct. 518, 119 A. 2d 816.