## Cuthbert's Pharmacy, Inc. v. Klinge

*Pearlstine, Salkin & Hardiman*, for plaintiff.

*William R. Cooper*, for defendant.

HONEYMAN, J., July 18, 1963.—Plaintiff, Cuthbert's Pharmacy, is a Pennsylvania corporation, having its principal place of business at Main and Broad Streets, Lansdale, Montgomery County, Pa. In its complaint,

plaintiff alleges that at all times material thereto, Frank H. M. Klinge, defendant's deceased husband, was indigent, and that defendant possessed sufficient financial ability to care for, maintain, financially assist and provide necessaries for said indigent person. Plaintiff further alleges that it, unofficiously, and with intent to charge therefor, supplied necessaries in the form of prescription medicines to Frank H. M. Klinge, which defendant in violation of her duty failed to supply, wherefore plaintiff claims of defendant the sum of $729.65 with interest. In reply, defendant filed preliminary objections in the nature of a demurrer, stating that the allegations set forth in plaintiff's complaint do not constitute a cause of action against her in assumpsit, since a merchant who sells merchandise to a husband does not have a right to look to the wife for payment therefor after the husband's death.

Plaintiff attempts to establish the duty of a wife to pay the bills for necessaries supplied to her deceased husband, by analogy to The Support Law of June 24, 1937, P. L. 2045, sec. 3, as amended August 22, 1961, P. L. 1029, sec. 1, 62 PS §1973, which reads:

"(a) The husband, wife, child, (except as hereinafter provided), father and mother of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides shall order or direct. . . ."

As authority for its proposition, plaintiff cites the case of Engel v. Gast, 3 D. & C. 2d 193 (1954).

This court, however, in respectfully disagreeing with the conclusion reached in the Engel case, supra, by the learned court of a sister county, fails to see how plaintiff can maintain its cause of action against this widow by applying the principles of our support law thereto. The support law is prospective and does not

give rise to the maintenance of a suit for past support or past supplying of necessaries. In Commonwealth ex rel. Price v. Campbell, 180 Pa. Superior Ct. 518 (1956), the court said, at page 521:

"A support order under the amended 1937 Act, supra, operates prospectively only from the date of its entry . . ."

See also Commonwealth ex rel. Sharpe v. Sharpe, 193 Pa. Superior Ct. 161 (1960). This act does not make a wife responsible for the bills of her husband, but only requires her to pay for his future maintenance and financial assistance after the court has so directed. This court, however, cannot do indirectly what it is prohibited from doing directly.

A husband can be compelled to pay for the necessaries of a deceased spouse procured during her lifetime, but the converse is not true. Indeed, it is well established that a wife is not responsible for the debts or liabilities of her husband, nor is her property subject to levy and execution therefor. This principle was established by the Act of April 11, 1848, P. L. 536, sec. 6, 48 PS §64, which reads:

". . . said property, . . . shall not be subject to levy and execution for the debts or liabilities of her husband, nor shall such property be sold, conveyed, mortgaged, transferred or in any manner encumbered by her husband, without her written consent first had and obtained, and duly acknowledged before one of the judges of the courts of common pleas of this commonwealth, . . ."

To this general rule of law, the Act of June 24, 1937, supra, provides no exception. Further, there is nothing in the pleadings to suggest that defendant ordered the medicines, received them from plaintiff, or that plaintiff looked to her individually at the time the drugs were ordered. Indeed, all the bills and statements attached to plaintiff's complaint as exhibit "A", are

made out to Frank H. M. Klinge, Frank Klinge, or simply Klinge. Accordingly, defendant's demurrer must be sustained.

### Order

And now, July 18, 1963, defendant's demurrer is sustained and the complaint is hereby ordered dismissed.