Opinion by
 

 Hoeeman, J.,
 

 The Albert Einstein Medical Center brought suit in assumpsit against appellant, Samuel Forman, and his two sisters, on June 6, 1962, for the unpaid hospital bills of their mother, Sarah Forman. The complaint was served on the appellant and his sisters on June 6, 1962. No pleadings were filed by appellant within twenty days as required by Pa. B. C. P. 1026, and judgment was entered on July 26, 1962 in the amount of |1211.95.
 

 The judgment was assigned to the use of the Philadelphia Title Insurance Company on July 5, 1967. The use-plaintiff then issued a writ of execution — attachment against appellant. On July 11, 1967, a writ of revival of the judgment was issued by the County Court of Philadelphia.
 

 
 *452
 
 Appellant filed a “Petition to Strike-Off Judgment and Quash Attachments” on August 14, 1967. Appellant specifically alleged: “5. Until the attachment was issued against your Petitioner, he was not aware of either the suit or the judgment that has been entered in this matter.
 

 “6. By reason of said fact as set forth in paragraph [5] herein he did not engage counsel nor file an Answer to the Complaint and judgment was entered against him as well as against the other defendants for want of an Answer to said Complaint.”
 

 Appellant also alleged that “. . . there is no right of authority in the Acts of Assembly mentioned in paragraph 5 of the Complaint nor in any other law for the procedure taken in this matter or the resulting judgment.” Appellant therefore concluded that the judgment was void.
 

 The use-plaintiff answered the petition and denied that appellant and his sisters had no notice of the proceedings against them. It also answered that The Support Law, and cases thereunder, are authority to sustain the default judgment.
 

 On November 2, 1967, the lower court dismissed appellant’s petition, from which order this appeal was taken.
 

 Once a judgment has been entered, it is ordinarily conclusive; relief may be obtained, however, in certain circumstances by a petition to strike off a judgment. Such a petition must allege a defect which is a matter of record or which appears from the face of the judgment.
 
 Products Corporation of America v. Madway Engineers and
 
 Constructors, 210 Pa. Superior Ct. 498, 233 A. 2d 630 (1967);
 
 Mountain City Savings and Loan Association of Hazleton v.
 
 Bell, 413 Pa. 67, 197 A. 2d 608 (1963); see, 7 Standard Pa. Practice §157 (1961).
 

 
 *453
 
 In the instant case, appellant contends that the default judgment resulted as a result of a lack of notice of the suit. It is our opinion that the record clearly refutes this contention. The complaint in assumpsit denoted the addresses of appellant and his sisters as 4833 Pine Street, Philadelphia, Pennsylvania. The Sheriff’s return reflects that service was made on an adult member of appellant’s household at 237 S. 48th Street, Philadelphia, Pennsylvania. It has long been the established rule in our Commonwealth that absent a showing of fraud, “. . . a sheriff’s return, true and regular on its face, is conclusive as to service of individuals present in Pennsylvania.”
 
 Colucci v. Imperial,
 
 414 Pa. 289, 200 A. 2d 297 (1964). There is no allegation or evidence of fraud in this case. Consequently, the sheriff’s return must stand as being conclusive of service. There is, therefore, no defect on the face of the record.
 

 Appellant also contends that The Support Law, Act of June 24, 1937, P. L. 2045, as amended, 62 P.S. 1971 et seq., imports no duty upon a child to support an indigent parent without an appropriate court order imposing such duty. Accordingly, it is appellant’s contention that the judgment is void because there is no authority to support this action.
 

 The Support Law, supra, provides in pertinent part that:
 

 “(a) The husband, wife, child . . . father and mother of every indigent person, whether a public charge or hot, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides shall order or direct. . .
 

 “(b) The courts shall have power to hear, determine and make orders and decrees in such cases upon the petition of such indigent person, or of any other
 
 *454
 
 person or any public body or public agency having any interest in the care, maintenance or assistance of such indigent person, . . .”
 

 At common law, an adult child has no duty or obligation to contribute to the support of his parents.
 
 Commonwealth v. Morrisey,
 
 150 Pa. Superior Ct. 202, 27 A. 2d 446 (1942); see 39 Am. Jur., p. 711 (1942). Thus, whatever duty rests on a child to support an indigent parent is imposed solely by contract or statute. The first provision imposing such liability is found in the 29th Section of the Act of March 9, 1771, 1 Smith 344, which required that children support their indigent parents if the children were of sufficient financial ability. This first enactment, as well as all subsequent legislation in this area, was obviously designed to relieve state and local authorities from the burden of supporting poor persons who had relatives of financial means who could care for them.
 

 Subsequently, the legislature adopted the Act of March 29, 1803, and the Act of June 13, 1836, P. L. 539. The Act of 1836 was similar to the current act, in that children of every poor person not able to work must, if financially able, support the indigent “. . . at such rate as the Court of Quarter Sessions of the County where such poor person resides shall order and direct. . .” Similar legislation was re-enacted by the Act of April 15, 1857, P. L. 191, and the Act of June 1, 1915, P. L. 661, 71 P.S. 1781. The Support Law now in effect is the Act of June 24, 1937, P. L. 2045, 62 P.S. 1971
 
 et seq.,
 
 the pertinent parts of which were quoted hereinbefore.
 

 It is important to note in this case that appellant does not dispute the indigency of his mother, the reasonableness of the hospital charges, or that he is of sufficient financial ability to pay the hospital bills. Thus, the sole issue raised in this appeal is whether
 
 *455
 
 appellant is liable, in assumpsit, under The Support Law, for hospital bills incurred by his indigent mother even though no support order has been entered prior to the assumpsit action.
 

 We agree with appellant in that any duty imposed in derogation of the common law must be narrowly and strictly construed. The Statutory Construction Act, Act of May 28, 1937, P. L. 1019, Art. IY, §58, 46 P.S. 557. We also agree with appellant that any court order entered under 62 P.S. §1973 of The Support Law must operate prospectively from the date of its entry.
 
 Commonwealth ex rel. Price v. Campbell,
 
 180 Pa. Superior Ct. 518, 119 A. 2d 816 (1956); cf.
 
 Commonwealth v. Shavinsky,
 
 180 Pa. Superior Ct. 522, 119 A. 2d 819 (1956).
 

 In the instant case, however, the complaint alleges a duty based upon The Support Law, but asks for reimbursement of support of an indigent parent rather than for an order in futuro. At first glance, the provisions of the Act do not seem to support an assumpsit action based upon The Support Law. Rather, liability seems to be predicated only after the court of the county in which the poor person resides has issued an appropriate order.
 

 But, the Act specifically provides that a child “. . .
 
 shall,
 
 if of sufficient financial ability, care for and maintain, or financially assist, such indigent person.. [Emphasis added] Even though the Act does envision a support order of prospective applicability, an affirmative duty is, nevertheless, placed upon certain relatives of an indigent, namely a child. Thus, an assumpsit action based on that duty has been held a valid action for reimbursement from a child for expenditures of a third party on behalf of an indigent parent.
 
 Stoner Estate,
 
 358 Pa. 252, 56 A. 2d 250 (1948).
 

 
 *456
 
 In
 
 Stoner Estate,
 
 the Supreme Court permitted an estate to be charged with the support of indigents. The appellant argued that liability only attached after a support order obtained pursuant to The Support Law was entered. The Supreme Court dismissed this argument and permitted the suit in assumpsit based on The Support Law for reimbursement of sums expended for the support of the indigent persons.
 

 The
 
 Stoner
 
 case implies that recovery for support payments made by a third party may be obtained in one of two ways. The third party may obtain a court order, securing repayment for future support of the poor person. Moreover, failure to comply with the order may subject the defendant to contempt of court, which entails a fine and/or imprisonment. Through necessity, then, such order can only act prospectively, as noted above, because of criminal sanctions.
 

 The second method to obtain relief is to bring a suit in assumpsit based upon the statutory duty of support. Obviously, no criminal sanctions can be invoked under this approach and the party asking for relief cannot secure future payments of support without a court order. Pursuant to this method, the Supreme Court has stated that there is an obligation or statutory duty of support which may be the basis of an assumpsit action.
 
 Stoner
 
 Estate, supra; see also
 
 Engel v. Gast,
 
 3 Pa. D. & C. 2d 193 (1954). The need for such a remedy is apparent. In instances similar to the present case, where immediate hospital care may be required, it would be foolhardy to require that the hospital obtain a prior court order.
 
 [1]
 

 In summary, the
 
 Stoner Estate
 
 decision holds that if there is a financially responsible relative, an action
 
 *457
 
 in assumpsit may be utilized to enforce tbe duty imposed by The Support Law. It is our opinion that
 
 Stoner Estate,
 
 supra, is controlling, and we therefore affirm the order of the lower court.
 

 Order affirmed.
 

 [1]
 

 Whether the hospital may continue such treatment after the immediate need has passed without advising the relatives or seeking such an order is a matter which can be left open for further consideration.