683 A.2d 291

**PEOPLES BANK, Appellee,**

v.

**Dorothea DORSEY, Appellant.**

Superior Court of Pennsylvania.

Argued April 30, 1996.

Filed Aug. 19, 1996.

Reargument Denied Oct. 30, 1996.

Lawrence B. Schwartz, Lansdowne, for appellee.

Before CIRILLO, President Judge Emeritus, DEL SOLE, J., and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

This dispute arises out of a mortgage foreclosure action. Appellant Dorothea Dorsey claims that she did not receive adequate notice of her default under the Commonwealth's statutes and rules of court. We find no merit to Dorsey's claims and, therefore, we affirm the trial court's order denying her petition to open and/or strike the default judgment.

On October 27, 1992, Sears Mortgage Corporation notified Dorothea Dorsey that the mortgage it held on her property was in serious default due to Dorsey's failure to make her monthly payments in July, August, September and October of 1992. This notice was issued pursuant to section 403 of the Loan Interest and Protection Law, 41 P.S. § 401 *et seq.* [Act 6].[1] Thereafter, on March 30, 1993, Peoples Bank filed a complaint in mortgage foreclosure against Dorsey.

1. 1974, Jan. 30, P.L. 13, No. 6, § 401, effective in 60 days. Amended 1977, Dec. 16, P.L. 328, No. 97, § 1, effective in 60 days.

In its complaint, Peoples Bank averred that Act 6 notice had been sent to Dorsey by certified and regular mail. Dorsey filed preliminary objections to the complaint, averring that she did not receive Act 6 notice of intention to foreclose. On July 8, 1993, the trial court entered an order denying Dorsey's preliminary objections and ordering Dorsey to answer the complaint within 20 days. *See* Pa.R.C.P. 1028(d). Instead of complying with the court's directive, Dorsey's attorney, on July 14, 1993, requested leave to reargue the preliminary objections. No answer was ever filed within the allotted 20 days.

On September 28, 1993, Peoples Bank filed a praecipe for default judgment for failure to answer, *see* Pa.R.C.P. 237.1, and a praecipe for writ of execution (mortgage foreclosure). On that same date, the prothonotary entered judgment and issued Rule 236 notice.[2]

On October 25, 1993, Dorsey filed a petition to open and/or strike the judgment. In her petition, Dorsey alleged that Peoples Bank failed to give Rule 237.1 notice, and also failed to give notice pursuant to Bucks County Local Rule 927. The court immediately issued a rule to show cause and a hearing was scheduled for January 7, 1994.

In the meantime, the subject property was listed for sheriff's sale;[3] notice of the sheriff's sale was sent to Dorsey on December 15, 1993.[4] The sale was scheduled for January 12, 1994.

2. Pennsylvania Rule of Civil Procedure 236 provides:
   (a) The prothonotary shall immediately give written notice of the entry of

   \* \* \* \* \* \*

   (2) any other order, decree or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order, decree or judgment.
   Pa.R.C.P. 236.

3. The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. *See* 22 Standard Pennsylvania Practice § 121:95.

4. Rule 3129.1 provides in relevant part:

On January 7, 1994, five days prior to the scheduled sale, the court held its hearing on Dorsey's petition to open and/or strike. The hearing evolved into a settlement conference and the parties reached an agreement. Pursuant to the agreement, the trial court entered the following order:

> AND NOW, this 11th day of January, 1994, for the reasons set forth in the hearing of January 7, 1994, it is hereby ORDERED and DECREED that defendant, Dorothea Dorsey, shall pay the sum of $7,600.00 by certified check or money order to Plaintiff on or before noon, January 11, 1994 with the balance necessary to reinstate Defendant's loan to be paid on or before February 28, 1994. It is further hereby ORDERED and DECREED that a sale of the subject property which is scheduled for January 12, 1994, shall be continued until March 11, 1994.

Dorsey failed to tender sufficient funds pursuant to the agreement and court order. On March 10, 1994, the day before the scheduled sale, Dorsey filed for bankruptcy. Believing it had no jurisdiction, the Bucks County Court of Common Pleas took no action, declining Dorsey's requests for a conference.

Thereafter, United States Bankruptcy Judge David A. Scholl entered an order modifying the automatic stay of bankruptcy "to allow the Bucks County proceeding described therein to proceed forward." On July 26, 1995, Dorsey filed a praecipe under Bucks County Rule of Civil Procedure 226; pursuant to that praecipe, the case file was returned to the trial court.

**RULE 3129.1  SALE OF REAL PROPERTY.  NOTICE.  AFFIDAVIT.**
    (a) No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served.
    (b) The affidavit shall set forth to the best of the affiant's knowledge or information and belief as of the date of the praecipe for the writ of execution was filed the name and address or whereabouts of
    (1) the owner or reputed owner of the real property and of the defendant in the judgment; ...
Pa.R.C.P. 3129.1.

The trial court held a conference on August 10, 1995. On November 1, 1995, the trial court entered an order denying Dorsey's petition to strike and/or open the default judgment. This appeal followed.

Dorsey raises the following issues for our review:

1. Is there any record that either the lower court or appellee mailed a copy of the July 8, 1993 order to appellant or appellant's attorney?

2. Do[es] the common practice of providing notice to opposing counsel of Local Rule 927, which requires notice to opposing counsel of record prior to entry of default judgment, apply to this case?

3. Did appellee specifically deny appellant's averments in her petition to strike and/or open judgment?

4. Does the lower court lack jurisdiction, because appellee did not provide appellant with Act 6 and/or Act 91 notice prior to the filing of its mortgage foreclosure complaint?

5. Was appellant's petition to strike and/or open judgment promptly filed and did it contain meritorious defenses and reasonable explanations for the default?

A petition to strike an order or judgment may only be granted when a fatal defect appears on the face of the record. *Manor Bldg. Corp. v. Manor Complex Assocs.*, 435 Pa.Super. 246, 251–54, 645 A.2d 843, 846 (1994) (*en banc*). The defect which is a matter of record or which appears from the face of the judgment must be alleged in the application. *Albert Einstein Medical Center v. Forman*, 212 Pa.Super. 450, 243 A.2d 181 (1968). We will only reverse the trial court if there is a manifest abuse of discretion or error of law. *Parliament Indus., Inc. v. William H. Vaughan & Co., Inc.*, 501 Pa. 1, 8, 459 A.2d 720, 724 (1983).

A petition to open a judgment is an appeal to the equitable powers of the court; only those judgments which warrant equitable interference will be opened. *Keystone Bank v. Flooring Spec., Inc.*, 513 Pa. 103, 518 A.2d 1179 (1986). Ordinarily, three factors should be considered and must coalesce before default judgment can be opened: the

petition to open must be promptly filed; failure to appear or file a timely answer must be excused; and the party seeking to open judgment must show a meritorious defense. *U.S. Dep't of Housing v. Dickerson,* 358 Pa.Super. 23, 516 A.2d 749 (1986); *Triffin v. Thomas,* 316 Pa.Super. 273, 462 A.2d 1346 (1983) (citations omitted).

■ In her first argument,[5] Dorsey contends that the trial court erred in refusing to grant her petition to strike the judgment because the record indicates that Peoples Bank did not provide her with a copy of the trial court's order dismissing her preliminary objections to the complaint. This alleged defect, properly averred in Dorsey's petition, *Albert Einstein Medical Center, supra,* does not appear on the face of the record. *Manor, supra.* On the contrary, the record indicates that the trial court's order dismissing Dorsey's preliminary objections was entered on July 8, 1993. The record does not indicate on its face that the Prothonotary failed to give notice of this order. Moreover, Dorsey's own actions belie her claim. As stated above, six days after the court entered the order denying her preliminary objections, Dorsey sought leave to reargue her preliminary objections. This claim, therefore, is both disingenuous and meritless.

■ In her next claim, Dorsey argues that Peoples Bank failed to give her notice of its intent to enter a default judgment against her according to Bucks County Local Rule 927. Rule 927 requires at least 72 hours of notice to counsel of record prior to entry of default judgment. The local rule mirrors, in spirit and in substance, Rule 236.1 of the Pennsylvania Rules of Civil Procedure.

The record before us does not indicate that Rule 927 notice was given. As Peoples Banks points out, however, Rule 927

---

**5.** We note appellant's inappropriate use of footnoting throughout her appellate brief. Citations to authority and to the reproduced record should follow the sentence or statement to which they refer; citations should not be listed at the end of the brief in a series of footnotes. Moreover, appellant's footnotes contain a series of cross-references, engaging this court in a veritable obstacle course in search of a reference.

was no longer in effect in July of 1993. In fact, as evidenced by the record, the local rule was rescinded in 1988. Furthermore, Pennsylvania Rule of Civil Procedure 237.1 read, in 1993, as follows:

**RULE 237.1 NOTICE OF PRAECIPE FOR ENTRY OF DEFAULT JUDGMENT**

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe....

**(b) This rule does not apply to** (1) a judgment entered pursuant to an order of court or rule to show cause or (2) **any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 et seq.**

Pa.R.C.P. 237.1 (emphasis added). The explanatory note following Rule 236.1 emphasizes that Rule 237.1 requires prior notice of intent to enter default judgment "except in ... those actions in which prior special notice of default under section 403(a) of Act No. 6 of 1974 ... is required." Rule 237.1 notice, in this instance, "would be duplicative." Explanatory Note–1979, Pa.R.C.P. 237.1.

We recognize that Rule 237.1 was amended on December 2, 1994, effective July 1, 1995. Under this amendment, subsection (b) of the rule, which provided the Act 6 exception to Rule 237.1 notice, was deleted. The explanatory note clarified that actions under Act 6 are not exempted from the requirement of Rule 237.1. In fact, the note states: "The notices required by the Act and Rule 237.1 are *not* duplicative." Explanatory Comment–1994, Pa.R.C.P. 237.1 (emphasis added). This is contrary to the explanation and practice under the 1993 rule. Nonetheless, the 1993 rule was applicable at the time default judgment was entered. Since the action fell under Act 6 and section 403 notice was provided in accordance with the Act, we find no merit in Dorsey's claim. *Cf. Continental Bank v. Rapp,* 336 Pa.Super. 160, 485 A.2d 480 (1984) (notice given by mortgagee under section 403 of the Loan Interest and Protec-

tion Law governing notice of foreclosure for owners of relatively modest homes, which notice explained in detail the consequences of a continued default in mortgage payments and was given by mortgagee 30 days before taking action, was sufficient to satisfy the notice requirements of Pa.R.C.P. 237.1).

In her third argument, Dorsey contends that Peoples Bank failed to specifically deny the averments she made in her petition to open and/or strike and, therefore, the default judgment was improperly entered. This argument, as Peoples Bank points out, is illogical; Peoples Bank's response to Dorsey's petition to open and/or strike the judgment had no bearing on the prior entry of default judgment.

Next, Dorsey contends that Peoples failed to provide her with Act 91 notice and, therefore, the trial court never attained jurisdiction. In the complaint filed by Peoples Bank, paragraph 9 avers the following:

9. Notice pursuant to the Homeowners' Emergency Assistance Act of 1983, 35 P.S. § 1680.402c, *et seq.*, is not required as the Mortgaged Property is not the principal residence of the Defendant(s).

In her preliminary objections, Dorsey makes no reference to Act 91 notice. Further, Dorsey never filed an answer to the complaint. We find, therefore, that Dorsey effectively admitted paragraph 9 of Peoples Bank's complaint. *See* Pa.R.C.P. 1029(b) ("Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication.").

Dorsey also contends that Peoples Bank failed to provide her with Act 6 notice, 41 P.S. § 403. Section 403 notice is required for those who fall within the protections of 41 P.S. § 101 *et seq.*, The Loan Interest and Protection Law [Act 6]. Act 6 is a comprehensive interest and usury law which offers residential mortgagors a measure of protection from overly zealous "residential mortgage lenders." *Beckett v. Laux*, 395 Pa.Super. 563, 567, 577 A.2d 1341, 1343 (1990), quoting *Continental Bank v. Rapp*, 336 Pa.Super. 160, 169, 485 A.2d 480, 485 (1984)).

Here, the parties do not dispute that Dorsey falls within the definition of a "residential mortgage debtor," *see* 41 P.S. § 101,[6] and, therefore, is entitled to the protections of Act 6. Under section 403, the lender must send notice, at least thirty days in advance, before commencing legal action to collect the debt. *See* 41 P.S. § 403;[7] *see generally Beckett v. Laux*, 395 Pa.Super. 563, 577 A.2d 1341 (1990). This notice must be sent, in writing, to the residential mortgage debtor by registered or certified mail at his or her last known address and, if different, at the residence which is the subject of the residential mortgage. 41 P.S. § 403(b).

The complaint states in paragraph 8 that Act 6 notice was sent to the defendant; a copy of that notice is attached to the complaint as Exhibit 3. Contrary to Dorsey's averments, no defect is apparent on the face of the record.

Finally, Dorsey contends in support of her petition to open that Peoples did not accept her payments on the mort-

---

6. A "residential mortgage debtor" is defined in section 101 as "a noncorporate borrower who is obligated to a residential mortgage lender to repay in whole or in part a residential mortgage and a successor record owner of the property, if any, who gives notice thereof to the residential mortgage lender." A "residential mortgage" for purposes of Act 6 is defined as "an obligation to pay a sum of money in an original bona fide principal amount of fifty thousand dollars ($50,000) or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such obligation on a residential condominium unit." A "residential mortgage lender" is defined as "any person who lends money or extends or grants credit and obtains a residential mortgage to assure payment of the debt." The term also includes "the holder at any time of a residential mortgage obligation." 41 P.S. § 401.

7. Section 403(a) states:

Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

41 P.S. § 403(a).

gage. This claim misrepresents the posture of this case. The payments to which Dorsey refers were those made after her default, and in an amount which did not conform with the mortgage instrument.

As a defaulting mortgagor of land, Dorsey had the right to redeem the mortgaged property upon payment of the mortgage debt prior to the "fall of the hammer" at a sheriff's sale. *Elmwood Federal Savings Bank v. Parker,* 446 Pa.Super. 254, 666 A.2d 721 (1995) (quoting *In re Evergreen Memorial Park Assoc.,* 308 F.2d 65, 67 (3d Cir.1962). *See generally* 22 Standard Pennsylvania Practice 2d § 121:16–121:18 (right to cure default). Dorsey had the benefit of this opportunity and, in addition, was afforded the advantage of a settlement agreement. Dorsey, however, failed to comply with the terms of that agreement. Dorsey was afforded numerous opportunities to cure her default and, additionally, to cure on terms more advantageous than those under which she was contractually bound in the mortgage note. Furthermore, Dorsey was afforded sufficient notice of both the impending foreclosure and the default judgment under the law of this Commonwealth. The record before us is replete with docket entries of notice; Act 6 notice, a complaint in mortgage foreclosure, notice of entry of judgment under Pa.R.C.P. 236, and notice of the scheduled sheriff's sale under Pa.R.C.P. 3129.1. Until one hour before the "fall of the hammer" the defaulting party may save his or her property. Having failed to make payment, and having failed to allege payment in her petition to open and/or strike, this court has no grounds on which to grant relief. We find no fatal defect apparent on the face of the record, *Albert Einstein Medical Center, supra,* nor do we find that this judgment warrants equitable interference. *Keystone, supra.*

Judgment affirmed.[8]

8. We note the unusual procedural posture of this case. Peoples Bank's judgment was held in abeyance while Dorsey filed her bankruptcy claim and this appeal. The appeal, however, was pursued *after* the parties had reached a settlement agreement and an order had been entered pursuant to that settlement. Despite our disposition of the claims argued on appeal, we question the propriety of this appeal and the candidness of these claims inasmuch as they relate to a petition

filed prior to the parties' agreement and order. We note our disapproval of what appears to have occurred here. Dorsey, represented by counsel, and Peoples Bank reached an agreement. Whether Dorsey intended to fulfill her obligations under the agreement, or whether she had the ability to do so at that time, are now, in hindsight, questionable. We find it curious that Dorsey could now sincerely question on appeal the procedural requirements of notice which relate to matters occurring prior to the settlement agreement and order.