J-A13026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CIT MORTGAGE LOAN TRUST 2007-1 | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : : | |
| DAVID C. WILLIAMS | : : | No. 1665 WDA 2017 |

Appeal from the Order Entered October 10, 2017
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): MG-16-001360

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 21, 2018**

Appellant, The Bank of New York Mellon, as Trustee for City Mortgage Loan Trust 2007-1, appeals from an Order entered in the Allegheny County Court of Common Pleas granting the Motion to Strike Default Judgment filed by David C. Williams ("Appellee") and dismissing Appellant's Complaint. Based on our careful review of the record, we conclude that Appellant did not properly serve Appellee with its foreclosure action by certified mail as required by 41 P.S. § 403(b) ("Act 6").  We, thus, affirm the trial court's decision to strike the Default Judgment.  We also find, however, that the trial court erred in dismissing the Complaint and, accordingly, we remand with instructions to reinstate Appellant's Complaint.

On March 30, 2007, Appellee borrowed $59,400 from Mortgage Electronic Registration Systems, Inc. as nominee for The CIT Group/Consumer Finance, Inc. ("MERS"), secured by a promissory note ("Note") and Mortgage on the residential property at 181 Knox Avenue, Pittsburgh, PA 15210 (the "Mortgage"). The proper entity recorded both the Note and Mortgage in the office of the Allegheny County Recorder of Deeds on April 13, 2007. Subsequently, MERS assigned the Mortgage and Note to Appellant. The Allegheny Department of Real Estate recorded the Assignment on May 25, 2016, in the office of the Allegheny County Recorder of Deeds.

Appellee defaulted under the Mortgage and Note by failing to make payments due on November 1, 2015, and each month thereafter. On January 15, 2016, Appellant issued an Act 91 Notice, which it sent to Appellee on January 18, 2016.[1]

On October 12, 2016, Appellant, through its attorneys, filed a Complaint in mortgage foreclosure against Appellee seeking a judgment *in rem* in the amount of $68,958.74 plus interest. Paragraph 9 of the Complaint stated that Appellant mailed an Act 91 Notice to Appellee in compliance with Act 91:

> On or about January 15, 2016, [Appellee] was mailed Notice of Homeowner's Emergency Assistance Act of 1983, in compliance with the Homeowner's Emergency Assistance Act, Act 91 of 1983

---

[1] Act 91 Notice provides mortgagors with methods of resolving the mortgagor's debts and also establishes a timetable in which these methods must be accomplished in order to prevent foreclosure. ***Wells Fargo Bank N.A. v. Spivak***, 104 A.3d 7, 15 (Pa. Super. 2014).

and pursuant to 12 PA Code Chapter 31, Subchapter B, Section 31.201 *et seq*. A true and correct copy of said Notice is attached hereto as Exhibit "D".

Complaint at 6, ¶9. Appellant did not allege that it mailed an Act 6 Notice, let alone that it mailed the Act 6 Notice to Appellee by certified mail.[2]

Appellee did not file a responsive pleading to the Complaint. As a result, Appellant sent a ten-day notice to Appellee that Appellant would enter a Default Judgment pursuant to Pa.R.C.P. No. 237.1. Appellant entered the Judgment on December 20, 2016, and a Praecipe for a Writ of Execution directed to the Allegheny County Sheriff on December 27, 2016. The sheriff scheduled a sale for March 6, 2017.

On March 3, 2017, Appellee filed an Emergency Motion for Stay of Sale and a Motion to Strike the Default Judgment alleging, *inter alia*, that Appellant failed to send the required Act 6 Notice by registered or certified mail. The court stayed the Sheriff's Sale that same day.

The trial court held oral argument on September 12, 2017. On October 10, 2017, the trial court issued an Order summarily granting Appellee's Motion to Strike the Default Judgment and dismissing the Complaint.

---

[2] Act 6 Notice puts a residential homeowner on notice that the delinquent mortgage is subject to foreclosure at some future date unless the owner takes some action. ***Generation Mort. Co. v. Nguyen***, 138 A.3d 646, 651 (Pa. Super. 2016).

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925. In its Rule 1925(a) Opinion, the trial court found that Appellant failed to comply with Act 6's certified mail requirement:

> [b]ecause the record, at the time of the default judgment, offered no reason to believe [Appellant] had sent the notice in compliance with [Act 6], the default judgment was void and stricken. … Moreover, because it appeared, based on the complaint, that the foreclosure action had been instituted without registered or certified notice, the complaint was properly dismissed for failure to comply with [Act 6].

Trial Court Opinion, filed 12/5/17, at 2-3.

Appellant raises the following issue on appeal:

> Whether, the [t]rial [c]ourt erred by finding Appellant did not provide notice to the Appellee by certified mail in accordance with Act 6 and making the rule absolute, striking Appellant's Default Judgment and dismissing Appellant's Complaint in Mortgage Foreclosure[?]

Appellant's Brief at 6.[3]

A petition to strike a default judgment presents a question of law, and our standard of review is *de novo*. ***U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1028 (Pa. Super. 2017). A motion to strike does not involve the discretion of the court. ***Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 920 (Pa. Super. 2010) (citation omitted). A motion to strike "is not a chance to review the merits of the allegations of a complaint." ***Oswald v. WB Pub. Square Assocs., LLC***, 80 A.3d 790, 794 (Pa. Super. 2013) (citation omitted). Rather, a motion to strike a judgment "is the remedy

---

[3] Appellee did not file a brief, despite receiving from this Court three extensions of time to do so.

- 4 -

sought by one who complains of fatal irregularities appearing **on the face of the record**." *U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency*, *supra* at 1028 (citation omitted, emphasis added).

A petition to strike a judgment is aimed at defects that affect the validity of the judgment itself and must be granted when a fatal defect appears on the face of the record. *See Oswald*, *supra* at 793-94. "[W]here a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter default judgment and the default judgment will be considered void." *US Bank N.A. v. Mallory*, 982 A.2d 986, 991 (Pa. Super. 2009).

Appellant argues the trial court erred when it granted Appellee's Motion to Strike the Default Judgment because the trial court erroneously found that Appellant had not complied with Act 6 by sending a notice of foreclosure to Appellee by certified or registered mail.

Act 6, known as Pennsylvania's Loan Interest and Protection Act,[4] delineates the notice requirements for a residential mortgagee seeking to institute a foreclosure action against a mortgagor. *Wells Fargo Bank N.A. v. Spivak*, 104 A.3d 7, 15 (Pa. Super. 2014). Act 6 requires a lender to provide notice "by registered or certified mail" to a borrower indicating the

---

[4] 41 P.S. §§ 101–605.

lender's intent to foreclose on a mortgage thirty days in advance of taking legal action. 41 P.S. § 403(b).[5] This notice must be sent to mortgagor's last known address by certified mail. *Second Federal Sav. and Loan Ass'n v. Brennan*, 598 A.2d 997, 1000 (Pa. Super. 1991). When notice in a specified manner is prescribed by a statute, that method is exclusive. *In re Elfman*, 240 A.2d 395, 396 (Pa. Super. 1968).

An Act 91 notice must contain all of the required information of Act 6 pursuant to 35 P.S. § 1680.403c(b)(1). *See* 41 P.S. § 403(c)(1)-(6). Relevant to this appeal, **both** require this information to be sent by registered or certified mail. *See* 12 Pa. Code § 31.203(a)(6)(ii); 41 P.S. § 403(b).

In the instant case, Appellant merely alleged in the Complaint that Appellee "was mailed [an Act 91] Notice." Complaint at 6, ¶9. Appellant argues that this allegation is sufficient to establish that it specifically complied with Act 6's certified mailing requirement, though it cites no authority to support this inference.

Additionally, Appellant's arguments conflate the notice requirements of Act 91 with Act 6's method of service requirements. *See* Appellant's Brief at 14-18. There is no dispute that, statutorily, Act 91 notice must include the required notice information of Act 6. There is similarly no dispute that Appellant complied with Act 91 and Act 6 notice requirements in this matter.

_____

[5] The information required in the Act 6 Notice is listed in 41 P.S. § 403(c)(1)-(6).

Act 6 notice, however, must still be served on a mortgagor by registered or certified mail pursuant to 41 P.S. § 403(b).

The fatal defect, however, is that Appellant failed to allege or provide sufficient evidence that it had served Act 6 Notice by certified mail. It is not reasonable to infer that Appellant served Act 6 Notice by certified mail as required by 41 P.S. § 403(b) simply from its allegation in paragraph 9 of its Complaint that it complied with the notice requirements of Act 91.

At the time Appellant entered the Default Judgment against Appellee, the only evidence on the face of the record that Appellant had served Act 6 Notice on Appellee by certified mail was a number in the bottom right-hand corner of Exhibit D of the Complaint. A long, solitary number on the bottom of this document, without more, does not comply with 41 P.S. § 403(b). This is a fatal defect and, thus, the trial court properly struck the Default Judgment. *See Peoples Bank v. Dorsey*, 683 A.2d 291, 296 (Pa. Super. 1996) (finding no defect on the face of the record and, thus, denying mortgagor's motion to strike default judgment when the complaint specifically averred that Act 6 notice had been sent by certified and regular mail and the Act 6 notice was attached to the complaint); *Continental Bank v. Rapp*, 485 A.2d 480, 484-85 (Pa. Super. 1984) (upholding entry of default judgment when record revealed that mortgagors were properly served by certified mail).

Next, we review whether the trial court properly dismissed the Complaint. We review an order dismissing a complaint for an abuse of

discretion. ***Sigall v. Serrano***, 17 A.3d 946, 949 (Pa. Super. 2011). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment [that] is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." ***Mallory***, ***supra*** at 994. A trial court can abuse its discretion if it dismisses a complaint based on improper service and, in such a case, the action remains open. ***Weaver v. Martin***, 655 A.2d 180, 184 (Pa. Super. 1995); ***see also 15 West's Pa. Prac., Mortgages § 3:6 (3d ed. 2017)*** (observing that when Plaintiffs did not meet the certified mail requirement of Act 6/§ 403(b), two Pennsylvania trial courts have held that this failure did not necessitate dismissing either action).

We find that the trial court abused its discretion by dismissing the Complaint. The trial court did not cite any binding or persuasive authority to support its decision to dismiss the Complaint. It is possible that Appellant can prove service by certified mail as required by Act 6, it just cannot prove this from the face of the Complaint. Thus, we find neither merit nor authority in dismissing Appellant's cause of action in its entirety.

Accordingly, we affirm the trial court's Order to strike the Default Judgment against Appellee. We reverse the trial court's Order dismissing the Complaint and order that Appellant's Complaint be reinstated.

Order affirmed in part and reversed in part. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judge Musmanno joins the memorandum.

Judge Olson files a Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/21/2018