J-S46011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GREEN TREE SERVICING, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICIA KENT | |
| Appellant | No. 2599 EDA 2013 |

Appeal from the Judgment Entered September 10, 2013
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2010-11202

BEFORE:  MUNDY, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 15, 2015**

Appellant, Patricia Kent, appeals from the September 10, 2013 *in rem* judgment entered in favor of Bank of America, N.A. (Bank of America), pursuant to the order granting Bank of America's motion for summary judgment in its action for mortgage foreclosure.[1]  After careful review, we affirm.

The trial court summarized the facts and procedural history as follows.

> On April 26, 2004, []Appellant[] and Joel R. Kent, Jr. ("Joel Kent") jointly made, executed, and delivered a Mortgage to Oak Street Mortgage, Inc. and Joel Kent solely executed the Promissory Note. The Mortgage applied to 25 Quince Circle, Newtown, Pennsylvania, 18940 ("Subject Property") and was

---

[1] As explained below, this Court granted Bank of America's application to substitute Green Tree Servicing, LLC (Green Tree), which it filed after assigning the mortgage to Green Tree.

recorded in the Office of the Recorder of Deeds of Bucks County, Mortgage Book No. 3979, page 1314. The Mortgage was assigned to BAC Home Loans Servicing, LP ("BAC") and said assignment was recorded in the Office of the Recorder of Deeds of Bucks County, Mortgage Book No. 6528, page 2228. On September 15, 2010, notice was sent to Appellant and Joel Kent (collectively "the Kents") of the intention of BAC to foreclose on the Subject Property. Because the Kents failed to take the necessary affirmative steps to cure the delinquency, on October 28, 2010, BAC filed a Complaint in mortgage foreclosure against the Subject Property. Bank of America [] is the successor by merger with BAC and on February 28, 2012, a Voluntary Praecipe to Substitute Party Plaintiff was filed and subsequently granted, causing the complaint to be amended in 2012.

In 2010, when the Original Complaint was filed, the Mortgage was in default because the required payments had not been made as set forth in the Promissory Note. Specifically, the Kents failed to make payments on the Mortgage from May 1, 2009 until the present. The Kents also failed to cure this default and otherwise comply with the terms of the Mortgage. At that time, the principal balance due was $225,051.40 with interest from May 1, 2009 to October 26, 2010 of $20,632.83 (per diem at $35.9457). Other fees sought in this action include attorney's fees, late charges through October 26, 2010, costs of suit and title search, and escrow deficit. When the Complaint was filed, [Bank of America] sought $251,246.64 including fees and costs, which have increased as the default continues. Attached to the Complaint, [Bank of America] included both Act 91 of 1983 notice, Act 6 Notice, and a legal description of 25 Quince Circle in Newtown. *See* Complaint; *see also* 35 P.S. § 1680.403c (2008); 41 P.S. § 403 (1974).

The Parties also participated in the Bucks County Conciliation Program and tried to modify the mortgage loan. Appellant was denied a loan

modification on May 12, 2011. [Appellant] filed two Answers in this action, one to the Original Complaint and one to the Amended Complaint. In both answers, Appellant made general denials. However, in her Amended Answer of January 3, 2013, Appellant did admit that Act 6 Notice was given.

During the pendency of this action, Joel Kent obtained a Chapter 7 Discharge of Bankruptcy, releasing him personally from the debt owed under the Mortgage. Also during the pendency of this action, Joel Kent deeded the Subject Property to Appellant as a result of a divorce settlement. Now, Appellant is the current and sole owner of the Subject Property. Currently, there is also a tax lien against the Subject Property, which caused an Amended Complaint to be filed where the United States was added as an additional defendant in this action.

On May 24, 2013 and June 10, 2013, [Bank of America] and Appellant filed Motions for Summary Judgment, respectively. Both Motions were praeciped [for disposition] under Bucks County Rule 208.3(b). In its Motion for Summary Judgment, [Bank of America] avers it is entitled to summary judgment as a matter of law because (1) the Mortgage is in default; (2) there are no genuine issues of material fact present; (3) it is seeking an *in rem* judgment only; (4) the mortgage foreclosure does not come under Act 6 of 1974 but said notice was given[;] (5) temporary stay under Act 91 of 1983 has terminated; and (6) it named the United States of America as a proper Defendant in this action. Attached to the Motion for Summary Judgment is the Mortgage, which was signed by Appellant on April 26, 2004.

[Bank of America] attached an Affidavit to the Motion for Summary Judgment, authored by Jacqueline S. Nauman, Assistant Vice-President at Bank of America, N.A. In the Affidavit, Ms. Nauman stated that, in the performance of her regular job functions, she has "personal knowledge Bank of

America, N.A.'s procedures for creating" the records maintained in this matter. With this personal knowledge, Ms. Nauman further asserted that in her said capacity she is "familiar with the account that forms the basis of the instant action and she has examined all relevant documents prior to the execution of the Affidavit." In the Affidavit, Ms. Nauman verified that the May 1, 2009 payment, and every payment thereafter, is due and owing as of February 21, 2013, the total amount due upon the Mortgage was $289,874.15, including a per diem interest at 5.75%. The amount owed was itemized and listed in her Affidavit.

Trial Court Opinion, 10/10/13, at 2-4 (footnote and some citations omitted).

On August 19, 2013, the trial court entered an order granting Bank of America's summary judgment motion and denying Appellant's summary judgment motion. That order also entered an *in rem* judgment in favor of Bank of America in the amount of $289.874.15, plus per diem interest of $34,945.70, for a total judgment of $324,819.85. On September 10, 2013, Bank of America filed a praecipe for judgment in the amount of $324,819.85, and the same was entered that day.

On September 13, 2013, Appellant filed a timely notice of appeal.[2] On April 14, 2014, a panel of this Court entered an order staying the appeal because Appellant had filed for bankruptcy. Superior Court Order, 4/14/14 (*per curiam*), *citing* 11 U.S.C. § 362. Thereafter, on April 15, 2015, the

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

United States Bankruptcy Court for the Eastern District of Pennsylvania entered an order dismissing Appellant's Chapter 13 bankruptcy case. Consequently, on June 16, 2015, this Court entered an order vacating the previous order staying the appeal. That order also granted Bank of America's application for substitution of Green Tree because Bank of America had assigned the mortgage to Green Tree.[3] ***See generally*** Pa.R.A.P. 502(b). Accordingly, this appeal is before us for disposition.

On appeal, Appellant presents the following three issues for our review.

> 1. Was the trial [court's] application of the law as to the affect [sic] of the Bank's release of the borrower from the obligation on the note and its affect [sic] on the mortgage given as collateral error?
>
> 2. Did the trial [court] commit an error of law when it denied [Appellant]'s legal position that the release of the borrower from the obligation on the note, release her as the mortgagor on the mortgage given as collateral for the obligation, and therefore deny her Motion for Summary Judgment and grant the Bank's Motion for Summary Judgment[]?
>
> 3. Did the trial [court] abuse [its] discretion and/or commit an error of law when [it] granted the Bank's Motion for Summary Judgment and failed to consider the following issues raised in the pleadings:

---

[3] Green Tree has not filed an amended brief.

(a)    The Bank did not comply with Act 91 of 1983, a fact raised in [Appellant]'s pleadings,

(b)    The Bank, although it claims otherwise, did not consider [Appellant] a "borrower" for purposes of mediating pursuant to the Home Affordable Modification Program[],

(c)    Contrary to the allegations in the Bank's Motion, [Appellant] did have the resources for a loan modification, and

(d)    The Bank did not mediate in good faith?

Appellant's Brief at 4.

We begin by noting our standard and scope of review.

We review an order granting summary judgment for an abuse of discretion. *Indalex, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 83 A.3d 418, 420 (Pa. Super. 2013)[, *appeal denied*, 99 A.3d 926 (Pa. 2014)]. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. *Id.* A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. 1035.3.

The holder of a mortgage has the right, upon default, to bring a foreclosure action. *Cunningham v. McWilliams*, 714 A.2d 1054, 1056–57 (Pa. Super. 1998)[, *appeal denied*, 734 A.2d 861 (Pa. 1999)]. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to

> pay on the obligation, and the recorded mortgage is in the specified amount. ***Id.***

***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 464-465 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015).

We will address Appellant's first two issues together as Appellant consolidates them in the argument section of her brief. Therein, Appellant contends that the mortgage was discharged when Bank of America, in its amended complaint, released Joel Kent from personal liability for the debt secured by the mortgage. Appellant's Brief at 8-10; ***see also*** Amended Complaint, 12/14/12, ¶ 10 (stating "Plaintiff hereby releases JOEL R. KENT, JR[.] from liability for the debt secured by the mortgage[]"). Appellant asserts that because she did not sign a promissory note, Bank of America cannot foreclose on the property, even though the mortgage is in default. ***See id.*** (concluding "[t]he Bank by its unilateral action released the borrower[, Joel Kent], therefore releasing the Note. Pursuant to law, the mortgage is also released[]"). We conclude that Appellant's argument is misplaced because it conflates the personal liability for the debt secured by the mortgage with Bank of America's right to foreclose on the mortgage lien on the property to satisfy the outstanding debt.

While Appellant may not have signed a promissory note, she cosigned the mortgage. Bank of America's Motion for Summary Judgment, 5/24/13, at Exhibit A, Mortgage, 4/26/04, at 15 (Mortgage). Moreover, Appellant became the sole owner and mortgagor of the Subject Property when Joel

Kent deeded it to her in their divorce settlement. The mortgage secures the repayment of the note. Mortgage at 3. Specifically, under the terms of the mortgage, Appellant, as a "Borrower," incurred the obligation to pay the debt evidenced by the note. Mortgage at 1 (defining Appellant as a Borrower); *id.* at 4, ¶ 1. Bank of America has not released the mortgage or the lien on the Subject Property. Accordingly, when Appellant defaulted on the mortgage, Bank of America's remedy was to seek foreclosure and sale of the property to satisfy the outstanding debt.[4] Mortgage at 13, ¶ 22.

The Pennsylvania Rules of Civil Procedure govern actions in mortgage foreclosure, which are strictly *in rem* proceedings. *See First Wis. Trust Co. v. Strausser*, 653 A.2d 688, 693 n.4 (Pa. Super. 1995) (stating that an action on a promissory note seeks an *in personam* judgment, whereas a mortgage foreclosure action is strictly *in rem*). Rule 1147 provides that the complaint must plead the following elements.

(a) The plaintiff shall set forth in the complaint:

---

[4] We note that ordinarily, when a mortgagor defaults, the lender has two, nonexclusive remedies. *Elmwood Fed. Sav. Bank v. Parker*, 666 A.2d 721, 724 n.6 (Pa. Super. 1995). It may seek foreclosure, or it may attempt to obtain a judgment on the underlying note and issue a writ of execution. *Id.* Although the lender may seek these remedies concurrently or consecutively, the lender may have only one satisfaction. *Id.* Herein, Bank of America cannot hold Appellant personally liable because she did not sign the note and the mortgage only creates a lien on the real property. *See id.*

(1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;

(2) a description of the land subject to the mortgage;

(3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;

(4) a specific averment of default;

(5) an itemized statement of the amount due; and

(6) a demand for judgment for the amount due.

Pa.R.C.P. 1147(a). Moreover, Rule 1144(b) provides that the lender is not required to join all mortgagors as parties if the lender releases those mortgagors from liability in the complaint.

**Rule 1144. Parties. Release of Liability.**

(a) The plaintiff shall name as defendants

(1) the mortgagor;

(2) the personal representative, heir or devisee of a deceased mortgagor, if known; and

(3) the real owner of the property, or if the real owner is unknown, the grantee in the last recorded deed.

(b) Unless named as real owner, neither the mortgagor nor the personal representative, heir or devisee of the mortgagor, need be joined as defendant if the plaintiff sets forth in the complaint

> that the plaintiff releases such person from liability for the debt secured by the mortgage.

Pa.R.C.P. 1144. Herein, Bank of America complied with these Rules by filing a complaint that named Appellant as the mortgagor and real owner of the Subject Property and released Joel Kent from personal liability for the debt evidenced by the note and secured by the mortgage. *Compare id.* at 1144(b) (providing that a mortgagor does not need to be joined "as defendant if plaintiff sets forth in the complaint that the plaintiff releases such person from liability for the debt secured by the mortgage[]") *with* Amended Complaint, 12/14/12, ¶ 10 (stating, "Plaintiff hereby releases JOEL R. KENT, JR[.] from liability for the debt secured by the mortgage[]"). Bank of America did not release Appellant from the mortgage or release the lien on the Subject Property created therein. Further, as this action is *in rem* only, Bank of America is not seeking to hold Appellant personally liable for the debt. Accordingly, because the mortgage is in default, Bank of America can proceed *in rem* to foreclose on the mortgage and force a sale of the property.[5]

---

[5] Appellant's argument that she was under no obligation to make mortgage payments is disingenuous. In her answer, she claims that she obtained a loan modification and has attempted to make payments in accordance with it. Appellant's Answer to Amended Complaint, 1/3/13, at ¶ 5. Further, the mortgage has been in default since May 1, 2009.

Moreover, Bank of America was entitled to summary judgment because there is no issue of material fact that the mortgage is in default, Appellant has failed to pay on the obligation, and the recorded mortgage is in the specified amount. **See Gibson**, **supra**. We conclude the trial court did not err as a matter of law by granting Bank of America's motion for summary judgment and denying Appellant's cross-motion for summary judgment. Consequently, Appellant's first two issues lack merit.

In her third issue, Appellant asserts that her pleadings created two issues of material fact that preclude the entry of summary judgment. Appellant's Brief at 4. Specifically, Appellant claims that Bank of America did not provide her with an Act 91 notice. **Id.** Appellant also alleges that Bank of America acted in bad faith during the loan modification process. **Id.** at 10-11.

We conclude that Appellant has waived the argument that Bank of America did not provide her with Act 91 notice before instituting the present action.[6] Appellant waived this issue by failing to present it to the trial court in her opposition to Bank of America's Motion for summary judgment. **See** Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"); **Moranko v.**

---

[6] As this purported defect is not jurisdictional, it may be waived. **See Beneficial Consumer Disc. Co. v. Vukman**, 77 A.3d 547, 550 (Pa. 2013) (holding "defective Act 91 notice does not implicate the jurisdiction of the court…[]").

- 11 -

***Downs Racing LP***, 118 A.3d 1111, 1115-1116 (Pa. Super. 2015) (*en banc*) (stating that "[a]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal[]") (citations and internal quotation marks omitted). Moreover, Appellant has waived the issue for lack of development in the argument section of her brief. ***See Moranko***, ***supra*** at 1117 n.3 (noting "a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal[]") (citation and internal quotation marks omitted). Appellant's argument section does not contain any reference to Act 91 nor a citation to any authority supporting her Act 91 claim. Therefore, we conclude Appellant has waived her Act 91 issue. ***See id.***

Appellant next contends that Bank of America acted in bad faith in the loan modification process because it "did not acknowledge [Appellant] as a borrower and did not afford her the opportunity to modify the mortgage." Appellant's Brief at 10. The only authority on which Appellant relies are federal statutes and court decisions discussing the Home Affordable Modification Program (HAMP). ***Id.*** at 10 n.1. This Court has recently considered this issue and concluded that a lender's noncompliance with HAMP does not raise an issue of material fact that would preclude the entry of summary judgment. ***See HSBC Bank, NA v. Donaghy***, 101 A.3d 129, 136-137 (Pa. Super. 2014) (rejecting Appellant's reliance on HAMP as a defense and concluding that "even if [a]ppellee failed to comply with [HAMP]

prior to proceeding with its foreclosure against [a]ppellant, [a]ppellant *does not have a right* to bring an action against [a]ppellee for such noncompliance[]") (emphasis in original). Moreover, the only counterclaims recognized in a mortgage foreclosure action are those arising from, or incident to, the creation of the mortgage itself. Pa.R.C.P. 1148; **see also Strausser**, **supra** at 205 (rejecting counterclaims based on the bad faith of mortgagee's predecessor-in-interest because they were not part of or incident to the creation of the mortgage as they transpired only after the creation of the mortgage and after mortgagor's default). Here, the alleged bad faith of Bank of America in the loan modification proceedings cannot form the basis of a defense to the mortgage foreclosure action because they arose after the creation of the mortgage and after Appellant's default. Therefore, Appellant's bad faith claims do not give rise to a disputed issue of material fact and do not preclude the entry of summary judgment. Accordingly, Appellant's third issue is waived and meritless.

Based on the foregoing, we conclude Appellant's issues lack merit or are waived, and the trial court did not abuse its discretion or err as a matter of law in awarding summary judgment in favor of Bank of America and denying Appellant's motion for summary judgment. **See Gibson**, **supra**. Accordingly, we affirm the trial court's September 10, 2013 judgment.

Judgment affirmed.

Judge Musmanno joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015